HENRY F. BONGARDT, JR. v. LEON FRINK.

(Filed 23 July 1965.)

1. **Pleadings § 27.1—**
    Motion to be allowed to withdraw a pleading is addressed to the discretion of the trial court.

2. **Same—**
    In this case plaintiff filed a reply alleging that defendant's counterclaim was barred by a release signed by defendant. Plaintiff moved to be allowed to withdraw the reply so as to obviate a ratification of the act of his insurer in procuring the release. The evidence disclosed that the motion to withdraw the reply was made at the next term after it was filed and there was a permissible inference from the record that the attorneys who filed the reply were also attorneys for insurer, and there was other evidence tending to establish justification for withdrawal of the reply. *Held:* Order

BONGARDT *v.* FRINK.

of the court permitting withdrawal of the reply is upheld, there being no evidence of abuse of discretion.

**3. Trial § 21—**

On motion to nonsuit, the evidence must be considered in the light most favorable to plaintiff and plaintiff is entitled to the benefit of every reasonable intendment upon the evidence and every reasonable inference to be drawn therefrom.

**4. Automobiles § 41a—**

Allegations and evidence tending to show that defendant operated his vehicle on a public highway in a reckless and careless fashion in violation of G.S. 20-140(b), operated his vehicle without lights and without keeping a proper lookout, and that such negligence was the proximate cause of plaintiff's personal injuries and damage, and that plaintiff was not guilty of contributory negligence, *held* sufficient to take plaintiff's case to the jury.

**5. Compromise and Settlement—**

A prior settlement is an affirmative defense and such plea in bar must be pleaded, and therefore when the pleading setting up such defense is withdrawn by discretionary order of the court, the plea in bar must fail.

**6. Pleadings § 29—**

The issues arise upon the pleadings in the case.

**7. Compromise and Settlement—**

A settlement and release obtained by plaintiff's insurer will not bar insurer's right of action against defendant when insurer has neither' consented nor ratified such settlement, and in the instant case evidence solicited on cross-examination of plaintiff in regard to the allegations of his reply, withdrawn prior to trial, setting up the release signed by defendant, *held* not to compel the conclusion that plaintiff either consented to or subsequently ratified the act of his insurer in obtaining the release.

APPEAL by defendant from *Johnson, J.,* December 1964 Session of BRUNSWICK.

Action *ex delicto* to recover damages for personal injuries and damage to an automobile allegedly caused by the actionable negligence of defendant, when an automobile owned and operated by plaintiff collided on 14 April 1962 with an automobile owned and operated by defendant. This action was instituted on 21 January 1963.

Defendant filed an answer in which he denied that the collision was the result of his negligence, and in which as a further answer and defense and as a bar to any recovery by plaintiff, he alleged that if he were negligent, plaintiff was guilty of negligence in the operation of his automobile, which proximately contributed to his injuries and property damage. His answer was filed on 2 March 1963.

On 12 February 1964 defendant filed with the court a written motion and petition for permission to file a counterclaim for personal in-

juries and damage to his automobile resulting from the collision between his automobile and plaintiff's automobile on 14 April 1962. This is a summary of his written motion and petition: A few days after the collision on 14 April 1962 a person unknown to him came to him to discuss the facts with reference to the automobile collision. This person led him to believe that he was a representative of his (defendant's) automobile insurance company and offered to pay him $150 as partial compensation for his personal injuries and damage to his automobile sustained in the collision, and gave him (defendant) the impression that the acceptance of the $150 did not deprive him of a right to seek affirmative relief from Dr. Henry F. Bongardt, Jr. He was badly in need of money because of his personal injuries and damage to his automobile, and accepted the offer of $150, relying upon the representations made to him by this person unknown to him that he would still retain a right to seek further relief from Dr. Bongardt. After receiving the $150 he signed his name to some paper writing which he supposed to be a receipt, but which he was unable to read or understand because he is uneducated, with ability to read and write only to a limited extent. When he filed his answer in this action, he neither understood nor informed his lawyers as to the transaction between himself and this person unknown to him. Thereafter, he was reliably informed and believes, and alleges that this person unknown to him, who paid him $150, was a representative of plaintiff or of plaintiff's automobile liability insurance carrier, and that the paper writing he signed was a release purporting to discharge plaintiff from any further liability to him in connection with the collision. He is the victim of a misrepresentation made to him by this person unknown to him for the purpose of depriving him of his right to seek affirmative relief for his personal injuries and damage to his automobile sustained in the collision, for which personal injuries and damage to his automobile the payment of $150 was grossly inadequate to compensate him. Defendant gave notice to plaintiff and his counsel of record that he would appear before the presiding judge of Brunswick County superior court on the first day of the 24 February 1964 Session, and pray the court to grant his motion and petition to file a counterclaim in the action.

Defendant's motion and petition to file a counterclaim came on to be heard before Braswell, J., presiding at the 24 February 1964 Session of Brunswick. Judge Braswell requested that defendant appear in person for examination, and he was examined by his counsel, and cross-examined by plaintiff's counsel. Defendant testified in part on direct examination: "He [this person unknown to him] told me he was my insurance agent and he came down to pay me for the car. * * * Dr.

Bongardt's insurance paid me off then and I thought it was mine the way he was telling me. The first time I talked with you [Mr. James] and told you who I understood paid me off was the morning we were going to have the trial back yonder just before Christmas." He testified in part on cross-examination: "He told me that it was my insurance that was paying me off. I asked him about Bongardt's insurance, and he said, 'You don't have to worry about him, we are paying you for your car.'" Judge Braswell handed him his answer and asked him to read the best he could the paragraph above his signature. Defendant replied: "No, sir, I can't read it. I can't read enough to put it together. I can read my name on it and a few more words. I rather not mess with it, Judge." After the conclusion of defendant's testimony, Judge Braswell entered an order in the exercise of his discretion allowing defendant to file a counterclaim in the action. To this order plaintiff did not except. Whereupon, defendant filed a counterclaim on 3 March 1964.

On 16 March 1964 plaintiff filed a reply to defendant's counterclaim in which he denied that he was negligent, conditionally pleaded defendant's contributory negligence as a bar to any recovery by him, and as a third further reply and defense and as a plea in bar alleged as follows:

"That the defendant, for a valuable consideration, executed in favor of plaintiff and all other persons, a full and general release of all claims of any kind and nature arising out of the collision which occurred on April 14, 1962, on U. S. Highway #17, about nine miles south of Shallotte in Brunswick County, which is the same collision set out in the counterclaim herein. Said Release is expressly pleaded in bar of defendant's counterclaim."

This reply was signed by a prominent law firm of Wilmington, N. C., and by present counsel of record. This prominent law firm of Wilmington signed no other pleading in the case, so far as the record before us shows.

At the June 1964 Session of Brunswick, Judge Braswell presiding, plaintiff made a motion to be permitted to withdraw his reply in its entirety. Judge Braswell allowed the motion on 1 June 1964, and entered an order decreeing that plaintiff's reply be withdrawn as a pleading in the case. To this order defendant excepted.

At the same time defendant made a motion for judgment on the pleadings dismissing plaintiff's action. On 1 June 1964 Judge Braswell entered an order on defendant's motion in which he recited that he "finds as a fact that the Court allowed the plaintiff to withdraw his Reply, in the discretion of the Court, prior to the ruling on this present

motion, and that with the Reply being withdrawn and no longer a part of the pleadings in this case, that in the discretion of the Court, the present motion for judgment on the pleadings is disallowed." Where-upon, he adjudged and decreed that defendant's motion for judgment on the pleadings dismissing plaintiff's action is disallowed. To this order defendant excepted.

The instant action came on to be heard on plaintiff's complaint, amended by agreement between the parties, and on defendant's answer, amended by agreement between the parties, and on defendant's counter-claim at the December 1964 Session of Brunswick before Judge John-son presiding, and a jury.

This is a brief summary of plaintiff's evidence: About 8 p.m. on 14 April 1962, he was driving his 1960 Chevrolet automobile, in which his wife and two children were riding as passengers, south on U. S. Highway #17 about nine miles south of the town of Shallotte, at a speed of 50 to 55 miles an hour, in his right lane of traffic. At and near the scene of the collision the highway is straight and level. Its paved portion is 24 feet wide, and its shoulders are 10 feet wide. The weather was clear. Suddenly, a Mercury automobile, without any lights on it, crossed in front of him from the left lane of the highway into his right lane of the highway, and was completing a turn at the time of the impact. He applied his brakes, and the front part of his auto-mobile collided with the Mercury automobile. "The Mercury was dam-aged in the right rear, the right side of the rear, the fender, the back end, and extending up the right side of the car on the fender." Plain-tiff sustained personal injuries as a result of the collision.

Plaintiff testified as follows on cross-examination by Mr. James, counsel for defendant: "I did not ever pay any sum of money to Leon Frink for damages arising out of this accident. I do not definitely know whether that was accomplished by anyone else representing me. I did not at any time say that I knew that it had been done. I do not re-member previously making any sworn written statement to the effect that it had been done." At this point in plaintiff's cross-examination, Mr. James handed to him the original of his reply to defendant's coun-terclaim and directed his attention to the signature of the verification and asked him if that was his signature. Plaintiff replied, "Yes, sir, it is." Mr. James asked him to read the verification, which he did. Plain-tiff then testified: "That was sworn to and subscribed to [*sic*] before a notary public whose acknowledgment appears there. That is my signature." Mr. James then directed the attention of plaintiff to that portion of the reply designated as a third further reply and defense and as a plea in bar, which is copied verbatim above, and requested him to read it, which plaintiff did. Plaintiff then testified further on

cross-examination by Mr. James to the effect that he recalls signing the reply and the statement he read from it speaks the truth.

This is a brief summary of defendant's evidence: About 8 p.m. on 14 April 1962 he was driving his 1953 Mercury automobile south on U. S. Highway #17 south of the town of Shallotte. He was driving about 55 miles an hour, which was the speed limit there. His wife and Mazz Lee Frink were passengers in his automobile. The rear lights on his automobile were burning. He saw in the range of his headlights some children running down the shoulder of the highway close to its pavement. He slowed up, but did not apply his brakes, and drove close to the white line in the highway, but did not get over it. After he slowed up, he looked in his rear view mirror and saw a car approaching him from behind traveling pretty fast and with one light. Before he could do anything this approaching automobile hit his automobile behind, and knocked him off the road. Defendant sustained personal injuries in the collision.

Plaintiff alleged in his complaint he was driving his 1960 Chevrolet automobile at the time of the collision. Defendant in his answer alleged he was driving his 1953 Mercury automobile at the time of the collision.

There is no exception to the issues submitted to the jury. The jury found by its verdict that plaintiff was injured and his property damaged by defendant's negligence as alleged in the complaint, that plaintiff did not by his own negligence contribute to his injuries and damage, and awarded him $650 for damages to his automobile, and $4,000 for personal injuries. The jury did not answer the issue, "Was the defendant injured and his property damaged as a result of the negligence of the plaintiff in the counterclaim?", and the sixth and seventh issues as to what amount, if any, is the defendant entitled to recover for property damage and for personal injuries. The judge entered a judgment in accord with the verdict, and ordered and decreed that plaintiff recover from defendant the sum of $4,650, and taxed him with the costs.

From this judgment, defendant appeals to the Supreme Court.

*James, James & Crossley by Joshua S. James for defendant appellant. Herring, Walton, Parker & Powell for plaintiff appellee.*

PARKER, J. Defendant has four assignments of error. (1) He assigns as error the order entered by Judge Braswell allowing in his discretion plaintiff's motion to withdraw his reply in its entirety, and ordering it withdrawn as a pleading in the case. (2) He assigns as error Judge Braswell's order denying him a judgment upon the pleadings and refusing to dismiss plaintiff's action. (3) He assigns as error the denial of his motion for judgment of compulsory nonsuit made at the

close of all the evidence. (4) He assigns as error the denial by the court of his motion to dismiss the action *non obstante veredicto,* and the denial of his motion to set aside the verdict as contrary to the greater weight of the evidence, and the signing of the judgment.

This Court said in *McFetters v. McFetters,* 219 N.C. 731, 14 S.E. 2d 833: "A pleading, when filed, passes beyond the control of the pleader and becomes a part of the record in the case. Thereafter the subject of its withdrawal, as a general rule, is a question addressed to the reasonable discretion of the court. 31 R.C.L., 593."

In 41 Am. Jur., Pleading, § 318, it is said: "Withdrawal of pleadings is a subject closely akin in many respects to that of amendments, for it is concerned with alterations in the record and their effect on the rights of the adverse party, and, as a general rule, is a question addressed to the reasonable discretion of the court. In the exercise of such discretion, courts may allow * * * the withdrawal of particular pleas or of entire pleadings as the exigencies of the case warrant."

In 71 C.J.S., Pleading, § 419, p. 852, it is said: "While leave to withdraw a pleading will usually be given, where the other party will not be prejudiced, the matter is largely within the discretion of the court, and the application should be made with due diligence, in good faith, and should present good reasons for granting it." In *ibid,* p. 855, it is said: "The status of the pleadings on withdrawal of a particular pleading is the same as though it had never been filed * * *. While leave to withdraw a pleading does not authorize the party actually to take it off the files, such withdrawal removes it from consideration. A defense is abandoned by withdrawal of a plea setting it up * * *."

Defendant states in his brief: "The reply did not allege nor is it contended by anyone that the money consideration paid for the release executed by the defendant was paid personally by the plaintiff. On the contrary, as everyone knows, the money was paid by the plaintiff's liability insurance carrier on his behalf." There is no evidence in the record that plaintiff consented to the settlement. When defendant on 12 February 1964, over twelve months after the institution of this action, filed with the court a written motion and petition to file a counterclaim for personal injuries and damage to his automobile resulting from the collision between his automobile and plaintiff's automobile on 14 April 1962, he, and his counsel of record, then and now, knew that defendant, according to his statement, had signed the release and settlement by reason of a gross fraud perpetrated on him by a representative of plaintiff's automobile liability insurance carrier. Defendant and his counsel well-knowing these facts decided, for reasons best known to themselves, not to plead the previous settlement as a bar to plaintiff's action, but to repudiate the previous settlement on

the ground of fraud, and to allege a counterclaim against plaintiff for his (defendant's) damage. When defendant's motion was allowed by the court, he filed a counterclaim on 3 March 1964.

On 16 March 1964 plaintiff filed a verified reply to defendant's counterclaim, in which he alleged the previous settlement as a plea in bar to defendant's counterclaim. This reply was signed by a prominent law firm in Wilmington, N. C., and plaintiff's present counsel of record. This prominent law firm in Wilmington signed no other pleading in the case, so far as the record before us shows, and it is a fair inference that it represented plaintiff's automobile liability insurance carrier. It seems a fair inference that under the particular facts here plaintiff by signing the verified reply did not intend to ratify the settlement. It is also a fair inference that plaintiff's counsel of record later realized that plaintiff by pleading the general release and previous settlement, ratified his insurance carrier's settlement with defendant and barred his right of action against defendant. *Bradford v. Kelly,* 260 N.C. 382, 132 S.E. 2d 886; *Keith v. Glenn,* 262 N.C. 284, 136 S.E. 2d 665. At the June 1964 Session of Brunswick, plaintiff made a motion before the presiding judge for permission to withdraw his reply in its entirety. The presiding judge allowed the motion. Under the particular facts here, the granting of the motion did not prejudice defendant for these reasons: (1) He knew of the release at least on 12 February 1964, and declined to allege it as a plea in bar, but decided to repudiate it on the ground of fraud and to set up a counterclaim for his own damage. (2) After the motion was allowed, he could have, but did not, request the court for permission to amend his pleadings by alleging the previous settlement and general release as a bar to plaintiff's action, but decided to ignore it and to go to trial on his counterclaim. Under the particular facts here, plaintiff's motion to withdraw his reply in its entirety was made with due diligence, in good faith, and presented good reasons for granting it. Defendant states in his brief that plaintiff's motion to withdraw his reply was made at the "next ensuing civil term convening in Brunswick County following the time when plaintiff filed his reply." Plaintiff's motion for permission to withdraw his reply in its entirety was addressed to Judge Braswell's sound discretion, and under the particular facts here, no abuse of his discretion appears in granting the motion. His ruling will not be disturbed. Defendant's first assignment of error is overruled.

*Keith v. Glenn, supra,* presents a different factual situation. In that case plaintiff replied to the counterclaim. In his reply he denied any negligence on his part, and alleged as a further defense to the counterclaim his insurance carrier, against his wishes, paid defendant $1,250 in full settlement of defendant's claim against plaintiff. Notwithstanding

his allegations that settlement was made contrary to his wishes, he specifically alleges it bars defendant's right to claim damages from plaintiff. Later plaintiff sought permission to withdraw the reply he had filed. Judge Hall in his discretion declined to permit plaintiff to withdraw his reply.

After Judge Braswell entered an order in his discretion allowing plaintiff to withdraw his reply in its entirety, he correctly denied defendant's motion for a judgment on the pleadings. Defendant's second assignment of error is overruled.

In respect to defendant's third assignment of error, the denial of his motion for judgment of compulsory nonsuit made at the close of all the evidence, it is hornbook law that in considering a motion for judgment of compulsory nonsuit, plaintiff is entitled to have his evidence considered in the light most favorable to him, and he is entitled to the benefit of every reasonable intendment upon the evidence and every reasonable inference to be drawn therefrom. *Bridges v. Graham*, 246 N.C. 371, 98 S.E. 2d 492. Considering plaintiff's evidence in such a light, he has allegation and proof that would permit a jury to find that defendant was guilty of operating his automobile on a public highway in a reckless and careless fashion, in violation of G.S. 20-140(b), in operating his automobile on a public highway without lights, and in operating it on a public highway without keeping a proper lookout, and that such negligence was the proximate cause of plaintiff's personal injuries and damage to his automobile, and that plaintiff was not guilty of any negligence proximately contributing to his injuries and property damage.

Defendant contends that if plaintiff's evidence is sufficient to carry the case to the jury, plaintiff in his testimony at the trial on cross-examination admitted he signed his reply, read the release in the plea in bar therein contained, and said what he read was true, and this was a second ratification of the release, and this entitles him to a judgment of nonsuit dismissing plaintiff's action. That a ratification once made may not be revoked.

Judge Braswell entered an order in his discretion permitting plaintiff to withdraw his reply at the June 1964 Session. The case was tried on its merits at the December 1964 Session on the complaint, answer, and defendant's counterclaim. There was no plea in bar of the prior settlement to defeat plaintiff's or defendant's claim, when the case was tried on the merits. Such a plea in bar is an affirmative defense which must be pleaded. *Bradford v. Kelly, supra.* "A trial is the examination of the issues joined between the parties, and these issues arise upon the pleadings in the case." McIntosh, N. C. Practice and Procedure, 2d Ed,. Vol. 1, § 1351. Even if the question of a previous settlement arose

upon the pleadings in the instant case, which it did not, when the instant case was tried on the merits, plaintiff's testimony on cross-examination in respect to his reply, which had been withdrawn by order of Judge Braswell entered in his discretion, when considered in the light most favorable to him, does not compel the inescapable conclusion under the particular facts here that he either consented to or ever subsequently ratified his automobile liability insurance carrier's settlement with defendant. It is well-settled law in this State that a compromise and settlement of a claim against its insured will not bar the right of its insured from suing the releasor for his damages where he has neither consented to nor subsequently ratified such settlement. *Keith v. Glenn, supra; Bradford v. Kelly, supra; Phillips v. Alston,* 257 N.C. 255, 125 S.E. 2d 580; *Lampley v. Bell,* 250 N.C. 713, 110 S.E. 2d 316.

The court correctly denied defendant's motion for a judgment of compulsory nonsuit made at the close of all the evidence. Defendant's third assignment of error is overruled.

Defendant's last and fourth assignment of error is formal, and is overruled.

The judgment below is
Affirmed.