CLARENCE SAWYER WHITE v. RAYFORD WILSON PERRY

No. 696SC418

(Filed 17 December 1969)

**1. Appeal and Error § 26— exception to signing of judgment**

An exception to the signing and entry of the judgment presents for review the face of the record proper, which includes whether the facts found or admitted support the judgment.

**2. Compromise and Settlement § 3; Pleadings § 31— pleading release obtained by insurer — ratification of release — bar to action — withdrawal of pleading**

In this action for personal injuries and property damage resulting from an automobile collision, wherein plaintiff by a further reply pleaded a release and settlement obtained by his insurance carrier as a bar to defendant's counterclaim, and defendant amended his answer to allege the filing of the further reply as a plea in bar to plaintiff's action, the pleading of the release in plaintiff's further reply constituted a ratification by plaintiff of the settlement by his insurance carrier with defendant and bars plaintiff's cause of action, and withdrawal of plaintiff's further reply did not constitute a revocation of the ratification.

**3. Compromise and Settlement § 3— consideration of withdrawn pleading**

Although plaintiff's further reply alleging a release obtained by his insurer as a bar to defendant's counterclaim had been withdrawn as a pleading, the trial court properly considered the further reply in determining whether the allegation of the release constituted a bar to plaintiff's action.

**4. Courts § 9— judgment on demurrer — demurrer to amended pleadings — consideration by another judge**

The sustaining or overruling by a superior court judge of a demurrer with leave to amend the pleading does not preclude another superior court judge from thereafter ruling on a demurrer to the amended pleadings.

APPEAL by plaintiff from *Bundy, J.,* May 1969 Session of BERTIE Superior Court.

When this cause came on for hearing before Bundy, J., upon the defendant's plea in bar to the plaintiff's alleged cause of action, the record discloses that the parties waived a jury trial as to the issue of the defendant's plea in bar and stipulated that the court could find facts and enter judgment thereon. The court, after considering the pleadings and stipulations of the parties as to the facts and after hearing argument of counsel, made the following findings of fact and conclusions of law:

"1.　This is a civil action arising out of an automobile collision between vehicles driven by plaintiff and defendant on December 21, 1967 at about 7:40 p.m. on North Carolina Highway 45, at a point about four miles south of Colerain, North Carolina.

"2.　Plaintiff's complaint alleges causes of action for his personal injuries and property damages arising out of the subject collision. Defendant's original answer, *inter alia,* alleged a counterclaim for defendant's personal injuries and property damages in the total sum of $1,300 and offered to credit the sum of $100 'already paid to the defendant for and on behalf of the plaintiff.' On August 30, 1968, plaintiff, through his personal attorneys, filed a reply to said counterclaim, alleging a general denial of the pertinent facts alleged in defendant's answer and renewing plaintiff's prayer for relief set forth in his complaint.

"3.　On September 19, 1968, plaintiff's attorneys caused to be filed in the office of the clerk of Superior Court of Bertie County a further reply, which is on file in the original court folio in this action. Said further reply was admitted into evidence by stipulation of the parties, and is hereby incorporated by reference as a part of these findings of fact as if fully set out herein.

"4.　Said further reply was prepared by Pritchett, Cooke & Burch, Attorneys for plaintiff's liability insurer only and mailed to the office of plaintiff's personal attorneys, Jones, Jones & Jones, in Ahoskie, North Carolina, where said further reply was signed by Carter W. Jones of said Jones firm and duly verified by plaintiff before notary public in the Jones' law offices on September 17, 1968.

"5.　Plaintiff's attorneys were not aware that the pleading of the release, (secured by plaintiff's liability insurance carrier from the defendant), as set forth in said further reply, would

constitute a bar to plaintiff's action herein, it being the understanding of plaintiff's counsel that said pleading would bar defendant's counterclaim, but not bar plaintiff's right of action herein.

"6.  Plaintiff was permitted to withdraw said further reply by order of the Honorable Howard H. Hubbard, Judge Presiding at the November 1968 Session of Superior Court of Bertie County, which is dated November 25, 1968 and appears of record in this cause.

"7.  Thereafter, in apt time as permitted by said order, defendant filed an amended answer, which alleges, *inter alia,* that said further reply constituted a ratification of the release and settlement between defendant and plaintiff's insurance carrier and a bar to plaintiff's action herein, which amended answer appears of record in this cause.

"8.  By said further reply, plaintiff sought to bar defendant's counterclaim by pleading of the release and settlement obtained by his insurance carrier. Thereby, plaintiff has sought to use said settlement to his advantage, accepted its benefits and ratified the same.

"UPON SAID FINDINGS OF FACT, the court makes the following CONCLUSIONS OF LAW:

"By said further reply, plaintiff has ratified his liability insurance carrier's settlement with the defendant, thereby barring his causes of action herein alleged as well as defendant's counterclaim herein."

To the entry of a judgment dismissing plaintiff's cause of action, and the defendant's counterclaim, the plaintiff excepted and appealed to the North Carolina Court of Appeals.

*Leroy, Wells, Shaw & Hornthal, by L. P. Hornthal, Jr., for defendant appellee.*

*Jones, Jones & Jones, by A. B. Harrington, Jr., for plaintiff appellant.*

HEDRICK, J.

[1]  The exception to the signing and entry of the judgment presents for review the face of the record proper which includes whether the facts found or admitted support the judgment. *Fishing Pier v. Town of Carolina Beach,* 274 N.C. 362, 163 S.E. 2d 363 (1968).

[2]  Appellant in his brief states "Plaintiff does not question the

proposition that pleading a release through a further reply can constitute a ratification of a settlement and bar a plaintiffs cause of action." We hold that the pleading of the release by the plaintiff in the "further reply" constituted a ratification by the plaintiff of the settlement made by his insurance carrier with the defendant. *Keith v. Glenn,* 262 N.C. 284, 136 S.E. 2d 665 (1964).

[2, 3]   This leaves us with the proposition of whether the withdrawal by the plaintiff of the "further reply" constituted a revocation of the ratification. The answer is no. In *Norwood v. Lassiter,* 132 N.C. 52, 43 S.E. 509, it is said: "When a party has the right to ratify or reject, he is put thereby to his election, and he must decide, once and for all, what he will do, and when his election is once made it immediately becomes irrevocable. This is an elementary principle. *Austin v. Stewart,* 126 N.C. 525." See also Breckenridge, "Ratification in North Carolina", 18 N.C. L. Rev. 308. Although the "further reply" had been withdrawn as a pleading, it was proper for Judge Bundy to consider it in making his findings of fact and conclusions of law. *Davis v. Morgan,* 228 N.C. 78, 44 S.E. 2d 593 (1947).

Appellant relies on *Bongardt v. Frink,* 265 N.C. 130, 143 S.E. 2d 286 (1965), which is readily distinguishable. In that case, after the court permitted the plaintiff to withdraw the reply pleading the release, the defendant did not amend its answer to allege the filing of the reply as a plea in bar.

Appellant contends that the judgment entered by Bundy, J., overruled the order of Hubbard, J., dated 25 November 1968. We do not agree.

The "further reply" was withdrawn when Judge Hubbard overruled defendant's original demurrer; therefore, there was not, and could not have been, any final ruling upon the merits of the demurrer. Obviously, Judge Hubbard's order contemplated the filing by the defendant of an amended answer setting up the ratification of the release by the plaintiff as a plea in bar to the plaintiff's cause of action.

[4]   The sustaining or overruling by a superior court judge of a demurrer with leave to amend the pleading does not preclude another superior court judge from thereafter ruling on a demurrer to the amended pleadings. 2 Strong, N.C. Index 2d, Courts, Sec. 9, p. 447; *Simpson v. Plyler,* 258 N.C. 390, 128 S.E. 2d 843 (1963).

The findings of fact support the judgment entered.

Affirmed.

MALLARD, C.J., and MORRIS, J., concur.