JAMES OTIS JONES v. C. J. PETTIFORD, JAMES MELVIN RAMSEY, AND WILLIAM D. RAMSEY

No. 7415SC914

(Filed 5 February 1975)

1. **Compromise and Settlement § 1; Torts § 7— plea of release — ratification — claim barred**

   In an action against the driver and the owner of an automobile to recover for injuries sustained by plaintiff in an automobile accident, plaintiff's plea of a release given by defendant driver in bar of defendants' counterclaim constituted a ratification of the release and barred plaintiff's claim against both defendant driver and defendant owner whose liability would be derivative.

2. **Compromise and Settlement § 2— release from liability — effect on person not party thereto**

   Release given by the driver of an automobile in settlement of a claim for personal injuries was not binding on the owner of the automobile who was not a party thereto and did not bar the owner's claim for property damages.

APPEALS by plaintiff and defendant William D. Ramsey from *Tillery, Judge,* 27 May 1974 Session of Superior Court held in ALAMANCE County. Heard in the Court of Appeals 17 January 1975.

This action was instituted by plaintiff to recover damages for personal injuries allegedly sustained in the collision of a 1966 Ford pickup truck owned and operated by him and a 1964 Ford automobile owned by defendant William Ramsey and driven by either defendant C. J. Pettiford or defendant James Ramsey. The accident occurred at the intersection of N. C. Highway 119 and Rural Paved Road 2123 in Alamance County on 29 October 1972 at approximately 5:00 p.m. Plaintiff was driving east on Road 2123, the servient road. Defendants C. J. Pettiford and James Ramsey were proceeding south on Highway 119. After plaintiff entered the intersection, his truck was hit by defendants' automobile. Plaintiff suffered serious bodily injuries and damage to his truck as a result of the collision.

Defendant C. J. Pettiford filed an answer denying the material allegations in the complaint, alleging contributory negligence, and counterclaiming for personal injuries. Plaintiff's reply realleged Pettiford's negligence. Pettiford also filed a third party complaint against defendants Ramsey, but this action was tried separately.

Defendants Ramsey in their answer denied the material allegations in the complaint, alleged contributory negligence, and counterclaimed for property damage and personal injuries. Plaintiff replied, realleged defendants' negligence and further alleged as a plea in bar a release given by James Ramsey. Defendants Ramsey then filed a response in which they asserted that by raising the plea in bar to their counterclaim plaintiff ratified the settlement and therefore was barred from recovery against them. They also moved for judgment on the pleadings, but the court did not rule on the motion.

The case came on for trial and, at the close of plaintiff's evidence, the court granted defendants' motion for directed verdict on grounds of contributory negligence. Plaintiff gave notice of appeal. Thereafter, defendants presented evidence on the issue of damages. Plaintiff then moved for directed verdict against defendants Ramsey on grounds of the release executed by James Ramsey. The court granted the motion and defendant William Ramsey appealed. The record does not show the disposition of defendant Pettiford's counterclaim.

*Latham, Cooper and Ennis, by Thomas D. Cooper, Jr., for plaintiff appellant.*

*Jordan, Wright, Nichols, Caffrey & Hill, by Willliam L. Stocks, for defendant appellees William Ramsey and James M. Ramsey and defendant appellant William D. Ramsey.*

ARNOLD, Judge.

### APPEAL OF JAMES OTIS JONES

Plaintiff contends that the trial court erred in directing a verdict against him. Without passing on the merits of his contentions with respect to the issue of contributory negligence, we hold that plaintiff's claim against defendants Ramsey is barred by his plea of settlement with James Ramsey.

[1]   Although the trial court did not rule on defendants' motion for judgment on the pleadings, an order granting the motion would have been proper. By alleging as a plea in bar to the counterclaim of defendants Ramsey that James Ramsey had released plaintiff from any and all claims arising out of the accident, plaintiff ratified the settlement. *Keith v. Glenn,* 262 N.C. 284, 136 S.E. 2d 665; *White v. Perry,* 7 N.C. App. 36, 171 S.E. 2d 56. This bars his claim against James Ramsey. *See*

*McNair v. Goodwin,* 262 N.C. 1, 136 S.E. 2d 218. Since his claim against William Ramsey is based solely upon a theory of derivative liability, his claim against William Ramsey also is barred. *See May v. R. R.,* 259 N.C. 43, 129 S.E. 2d 624; *Pinnix v. Griffin,* 221 N.C. 348, 20 S.E. 2d 366.

The judgment of the trial court dismissing the complaint is affirmed.

### APPEAL OF WILLIAM D. RAMSEY

[2]  Defendant William Ramsey contends that the trial court erred in directing a verdict against him on his counterclaim for property damage. The court based its ruling on the release given by James Ramsey. His father, William Ramsey, argues that this release is not binding on him, and we agree. Nowhere in the record does it appear that William D. Ramsey was a party to the settlement of his son's claim for personal injuries. He is not bound by its terms. *See generally* 2 Strong, N. C. Index 2d, Compromise and Settlement, § 2, pp. 162-63. It was error to grant plaintiff's motion for directed verdict as to him. The order of the trial court dismissing his counterclaim is reversed.

Affirmed as to appeal of plaintiff.

Reversed as to appeal of defendant William D. Ramsey.

Judges VAUGHN and MARTIN concur.