RUSSELL DEAN FOWLER v. PAUL McLEAN

No. 7519SC1078

(Filed 4 August 1976)

Compromise and Settlement § 3; Torts § 7— plea of release — ratification
— later withdrawal of plea — effect

 In an action arising out of an automobile accident, plaintiff's plea
of a release obtained by his insurance carrier as a bar to defendant's
counterclaim in a former action between the parties in which plaintiff
took a voluntary dismissal, although now withdrawn by plaintiff, con-
stituted a ratification of the release and barred plaintiff's present
action against defendant.

APPEAL by plaintiff from *Gavin, Judge.* Judgment entered
9 October 1975 in Superior Court, RANDOLPH County. Heard in
the Court of Appeals 15 April 1976.

Plaintiff instituted an action in Randolph County against
defendant seeking damages allegedly suffered in an automobile
accident on 4 October 1974 (Randolph County No. 74CVS1511).
In that action defendant filed a counterclaim seeking damages
that he allegedly suffered in the accident. The above case was
called for trial on 16 June 1975. During the course of selecting
a jury, it was brought to the attention of plaintiff that plain-
tiff's liability insurance carrier had settled defendant's claim
for damages and that defendant had executed a release. Plain-
tiff moved that defendant's counterclaim be dismissed as a
matter of law on the grounds of the execution of the release,
and offered the release in evidence in support of the motion.
After argument on the motion to dismiss the counterclaim but
before the trial judge ruled on the motion, plaintiff took a
voluntary dismissal of his action against defendant. Trial of
defendant's counterclaim was continued in the trial judge's
discretion.

On 13 August 1975 plaintiff filed complaint in the present
action (Randolph County No. 75CVS510). The complaint alleges
negligence of defendant resulting in the same accident involved

in the former action. Defendant denied negligence and damages, pleaded contributory negligence, and asserted that plaintiff's plea in the former action of the defendant's release barred plaintiff's right to maintain an action against defendant.

On 17 September 1975 an order was entered consolidating the pending counterclaim from the former action (No. 74CVS1511) with the present action (No. 75CVS510) for trial and setting it as the first case for trial at the 6 October 1975 session.

When the case was called for trial on 6 October 1975, plaintiff withdrew his motion to dismiss defendant's counterclaim in the former action (No. 74CVS1511). Defendant pursued his motion to dismiss plaintiff's present action (No. 75CVS510) on the grounds that plaintiff's plea of the release as a bar to defendant's counterclaim in the former action (No. 74CVS1511), although now withdrawn by plaintiff, constitutes a bar to plaintiff's present action against defendant.

The trial judge allowed defendant's motion, dismissed plaintiff's action with prejudice (No. 75CVS510), and continued the trial of the counterclaim in the former action (No. 74CVS1511).

Plaintiff appealed.

*Ottway Burton, by Millicent Gibson, for the plaintiff.*

*Henson, Donahue & Elrod, by Daniel W. Donahue, for the defendant.*

BROCK, Chief Judge.

" '[W]here an insurance carrier makes a settlement in good faith, such settlement is binding on the insured as between him and the insurer, but . . . such settlement is not binding as between the insured and a third party where the settlement was made without the knowledge or consent of the insured or over his protest, unless the insured in the meantime has ratified such settlement.' (Citation omitted.) Such consent or ratification constitutes an admission of his liability by the insured. (Citation omitted.)" *McKinney v. Morrow*, 18 N.C. App. 282, 196 S.E. 2d 585 (1973), *cert. den.* 283 N.C. 665, 197 S.E. 2d 874 (1973).

Plaintiff contends that his withdrawal of his plea of the release as a bar to defendant's counterclaim placed the case

back in a posture as though no such plea had been made. This argument has been answered as follows:

> "This leaves us with the proposition of whether the withdrawal by the plaintiff of the 'further reply' constituted a revocation of the ratification. The answer is no. In *Norwood v. Lassiter,* 132 N.C. 52, 43 S.E. 509, it is said: 'When a party has the right to ratify or reject, he is put thereby to his election, and he must decide, once and for all, what he will do, and when his election is once made it immediately becomes irrevocable. This is an elementary principle. *Austin v. Stewart,* 126 N.C. 525.' See also Breckenridge, 'Ratification in North Carolina', 18 N.C. L. Rev. 308. Although the 'further reply' had been withdrawn as a pleading, it was proper for Judge Bundy to consider it in making his findings of fact and conclusions of law. *Davis v. Morgan,* 228 N.C. 78, 44 S.E. 2d 593 (1947)." *White v. Perry,* 7 N.C. App. 36, 171 S.E. 2d 56 (1969).

The case of *Bongardt v. Frink,* 265 N.C. 130, 143 S.E. 2d 286 (1965), is readily distinguishable from the case *sub judice.* In that case, after the court permitted the plaintiff to withdraw the reply pleading the release, the defendant did not amend its answer to allege the filing of the reply as a plea in bar. In the present case the defendant did answer with a specific plea of plaintiff's ratification of the release as a bar to plaintiff's action.

Affirmed.

Judges HEDRICK and CLARK concur.