GARY VERNON LYON PLAINTIFF v. SHERRY SMITH YOUNGER DEFENDANT AND THIRD-PARTY PLAINTIFF v. TIMMY HOWARD LYON THIRD-PARTY DEFENDANT

No. 7723SC133

(Filed 21 February 1978)

**Compromise and Settlement § 1.1; Torts § 7— ratification of insurer's settlement — bar to claim for contribution and property damages**

> In a passenger's action arising out of a collision between two automobiles, original defendant's ratification of her insurance carrier's settlement with the third-party defendant constituted a recognition of the nonliability of the third-party defendant which barred the original defendant's claim against the third-party defendant for both contribution and property damages.

APPEAL by third-party plaintiff from *Crissman, Judge*. Judgment entered 19 January 1977 in Superior Court, WILKES County. Heard in the Court of Appeals 6 December 1977.

Plaintiff instituted an action to recover for personal injuries sustained in a collision between the automobile in which he was a passenger and the automobile driven by defendant. He alleged specific acts of negligence on the part of defendant. Defendant answered, denying any negligence on her part and asserting as further defenses the sole negligence of plaintiff's driver and the contributory negligence of plaintiff. By her answer defendant also instituted a third-party action against plaintiff's driver alleging concurrent negligence of third-party defendant and asking for con-

tribution and, alternatively, that third-party defendant was solely responsible for the accident and seeking to recover property damages from the third-party defendant. The third-party defendant answered, denying negligence and asserting, as a further defense, that original defendant's liability insurance carrier had paid him (third-party defendant) for his personal injuries and property damage and that this payment would bar any recovery by defendant from third-party defendant. Defendant then moved to strike the third-party defendant's cross claim on the ground that third-party defendant was not entitled to double recovery, he having alleged that he had been paid for his injuries and property damages by defendant's liability carrier. Third-party defendant moved for summary judgment as to defendant's "cross action and cross claim". These motions were heard on the pleadings and arguments of counsel, and the court allowed the motion to strike third-party defendant's cross claim and allowed third-party defendant's motion for summary judgment, dismissing defendant's cross action for contribution and cross claim for property damage. From this judgment defendant appealed.

*McElwee, Hall and McElwee, by John E. Hall, for defendant (third-party plaintiff) appellant.*

*No appearance contra.*

MORRIS, Judge.

Defendant's position is that the release and payment of money by defendant's insurance carrier and ratification of that payment by defendant may amount to an admission of liability by the defendant, but it should bar only defendant's claim for damages to her own property and not her claim for contribution for liability to the original plaintiff. We do not agree. We think this case is controlled by *Snyder v. Oil Co.*, 235 N.C. 119, 68 S.E. 2d 805 (1952). There Ruth Snyder was a passenger in the automobile operated by one Dixon. The automobile collided with a truck owned by Kenan Oil Company and operated by one Keen. Ruth Snyder brought an action against the Oil Company and Keen to recover damages for personal injuries received in the collision. The defendants answered and alleged negligence on the part of Dixon. On these allegations they moved that Dixon be made a third-party defendant as joint tort-feasor for the purpose

of enforcing contribution. Dixon was made a party defendant and filed answer. In her answer she alleged that the negligence of the driver of the truck was solely responsible for the collision and the injuries sustained by her and her passengers and damage to her automobile. She further asserted that the corporate defendant had settled with her and her husband for personal injuries and property damages to the car and also for injuries sustained by her two minor children who were passengers in her car at the time of the collision. She specifically pled these settlements in bar of defendant's right to recover against her by way of contribution or otherwise. Original defendants moved to strike the portions of the answer having to do with settlement. The motion was denied and defendants appealed. The Court, speaking through Barnhill, said:

"The settlement by the corporate defendant of the claim of defendant Dixon against it for personal injuries and property damages resulting from the collision of the truck being operated by Keen, the agent and employee of the oil company, and the automobile being operated by defendant Dixon, as effectually adjusted and settled all matters which arose or might arise out of said collision, as between the oil company and Dixon, as would a judgment duly entered in an action between said parties. By said compromise settlement each party bought his peace respecting any liability created by the collision. The adjustment of said claim by the payment of the amount agreed constituted an acknowledgment, as between the parties, of the liability of the oil company, and the non-liability, or at least a waiver of the liability, of the defendant Dixon.

Neither party thereafter had any right to pursue the other in respect to any liability arising out of any alleged negligence proximately causing the collision which is the subject matter of this suit." *Snyder v. Oil Co.* at 120.

After discussion with respect to the allegation of settlement with Dixon's *passengers*, the Court held that all reference to any settlement of any claim other than that of the owner and operator of the automobile should have been stricken.

In the case *sub judice*, the settlement by the original defendant's liability insurance carrier with the third-party defendant,

ratified by defendant, constituted a recognition of the "nonliability, or at least a waiver of the liability", of the third-party defendant. *See McKinney v. Morrow*, 18 N.C. App. 282, 196 S.E. 2d 585 (1973), *cert. den.* 283 N.C. 665 (1973). Recognition of the third-party defendant's nonliability would effectively bar a claim for contribution as well as a claim for property damage.

The judgment of the trial court is, therefore,

Affirmed.

Judges HEDRICK and ARNOLD concur.