MATTIE J. LEACH v. JOHN N. ROBERTSON, JR.

No. 8012SC360

(Filed 4 November 1980)

Torts § 7– complete release given by defendant – personal injury action – counterclaim for property damages – reliance on release to defeat counterclaim improper

    G.S. 1-540.2, which provides that the settlement of a property damage claim does not constitute the admission of liability as to personal injury claims from an automobile accident, that it may not be used as evidence to that effect, and that, of itself, the settlement shall not act as a bar to any claim other than the property damage claim unless, by the terms of the settlement, all claims arising from the accident are covered, does not affect the rule that a plaintiff may not maintain an action for personal injuries while relying on a complete release given by defendant to defeat defendant's counterclaim for property damages.

APPEAL by plaintiff from *Martin (John C.), Judge.* Judgment entered 4 February 1980 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 9 October 1980.

The plaintiff in this action seeks damages from the defendant, alleging his negligence was the proximate cause of personal injuries to her in a two-automobile accident. Defendant counterclaimed for damages he alleged were proximately caused to his vehicle as the result of the plaintiff's negligence. In her reply, plaintiff attached a release signed by the defendant and alleged that any claim of defendant had been "settled, compromised and barred" by accord and satisfaction.

The court granted defendant's motion for judgment on the pleadings. Plaintiff appealed.

*Cooper, Davis and Eaglin, by Paul B. Eaglin, for plaintiff appellant.*

*Johnson, Patterson, Dilthey and Clay, by Dan M. Hartzog, for defendant appellee.*

WEBB, Judge.

The question posed by this appeal is whether plaintiff may maintain an action for personal injuries while relying on a complete release given by the defendant to defeat the defendant's counterclaim for property damages. We hold that she

may not. By pleading the release in her reply, the plaintiff ratified the compromise settlement and her claim is barred. *Bongardt v. Frink*, 265 N.C. 130, 143 S.E. 2d 286 (1965); *Keith v. Glenn*, 262 N.C. 284, 136 S.E. 2d 665 (1964); *Bradford v. Kelly*, 260 N.C. 382, 132 S.E. 2d 886 (1963); *Snyder v. Oil Co.*, 235 N.C. 119, 68 S.E. 2d 805 (1952); *Lyon v. Younger*, 35 N.C. App. 408, 241 S.E. 2d 407 (1978); *Fowler v. McLean*, 30 N.C. App. 393, 226 S.E. 2d 867 (1976); *McKinney v. Morrow*, 18 N.C. App. 282, 196 S.E. 2d 585 (1973).

Plaintiff contends the above cases have been overruled by G.S. 1-540.2 which became effective 1 July 1967. That statute provides in pertinent part:

In any claim, civil action, or potential civil action which arises out of a motor vehicle collision or accident, settlement of any property damage claim arising from such collision or accident, whether such settlement be made by an individual, a self-insurer, or by an insurance carrier under a policy of insurance, shall not constitute an admission of liability on the part of the person, self-insurer or insurance carrier making such settlement, which arises out of the same motor vehicle collision or accident. It shall be incompetent for any claimant or party plaintiff in the said civil action to offer into evidence, either by oral testimony or paper writing, the fact that a settlement of the property damage claim arising from such collision or accident has been made; provided further, that settlement made of such property damage claim arising out of a motor vehicle collision or accident shall not in and of itself act as a bar, release, accord and satisfaction, or discharge of any claims other than the property damage claim, unless by the written terms of a properly executed settlement agreement it is specifically stated that the acceptance of said settlement constitutes full settlement of all claims and causes of action arising out of the said motor vehicle collision or accident.

The plaintiff contends she pled the release as a bar only to the defendant's claim for property damages and that G.S. 1-540.2 overrules the case law to the extent that a settlement of a property damage claim does not affect the litigation of a personal injury claim. Although the defendant in the case *sub judice* counterclaimed only for property damages, the release which

was pled by the plaintiff was a release for all claims. If the plaintiff by pleading this release ratified it, she is barred from pursuing all claims covered by the release. As we read G.S. 1-540.2, it provides that the settlement of a property damage claim does not constitute the admission of liability as to personal injury claims from the accident; that it may not be used as evidence to that effect; and that, of itself, the settlement shall not act as a bar to any claim other than the property damage claim unless, by the terms of the settlement, all claims arising from the accident are covered. The statute does not deal directly with the pleading of a settlement as a bar to a counterclaim. Several cases have been decided since the statute became effective without mentioning it. We would have to overrule these cases to adopt the plaintiff's argument. We do not believe we should do this. We hold that G.S. 1-540.2 does not affect the rule that by pleading the release in defense of the defendant's counterclaim, the plaintiff ratified the settlement and her action is barred.

Affirmed.

Judges CLARK and WHICHARD concur.