361 S.E.2d 111 (1987)
87 N.C. App. 374
Carla Ann Hall SMITHWICK and Patricia S. Hall
v.
Wayne CRUTCHFIELD and Veora Hall Crutchfield.
No. 8718SC133.
Court of Appeals of North Carolina.
October 20, 1987.
*112 Robert S. Cahoon, Cahoon and Swisher, Greensboro, for plaintiffs-appellants.
Henson, Henson, Bayliss, and Coates by Perry C. Henson, Jr., Greensboro, for defendants-appellees.
BECTON, Judge.
This action arises out of a 12 December 1978 automobile accident in which a Datsun automobile belonging to Plaintiffs, Carla Ann Hall Smithwick and Patricia S. Hall, and driven by Ms. Smithwick, collided with a Dodge automobile driven by Defendant Wayne Crutchfield and owned by his mother, Defendant Veora Crutchfield. Plaintiffs appeal from a 5 November 1986 judgment of the trial court which dismissed their claims on the grounds that, by pleading a release signed by Defendants in bar of Defendants' counterclaim, Plaintiffs had ratified the compromise settlement made by their liability insurance carrier. For the reasons that follow, and especially considering Defendants' cross-assignment of error, we conclude that Plaintiffs' action is barred as a matter of law.

I
Plaintiffs originally filed suit on 9 December 1981, alleging that Wayne Crutchfield negligently caused the accident, and seeking damages for personal injuries to Ms. Smithwick and property damage to their vehicle. Defendants answered, and counterclaimed for property damages to their automobile. In an amended reply, Plaintiffs pled in bar of the counterclaim a release of all claims obtained from Defendants on 1 August 1979 by Plaintiffs' liability insurance carrier. Based on the release, the trial court dismissed the counterclaim.
Defendants then moved for judgment on the pleadings, claiming that by pleading the release, Plaintiffs had ratified the compromise settlement, thus barring their own right to recover. The motion was denied, after a hearing, by an order of Superior Court Judge Hamilton H. Hobgood entered 30 May 1984. The case then proceeded to trial but ended in a mistrial, following which Plaintiffs filed notice of voluntary dismissal without prejudice.
Plaintiffs reinstituted this action on 10 June 1985. Defendants answered and moved for summary judgment, again contending that Plaintiffs' claims were barred by the pleading of the release in the first action. Hearing on the motion was held before Superior Court Judge Julius S. Rousseau, who denied the motion by order entered 4 September 1985.
Defendants next filed a motion to sever and try separately the issues relating to their defense of ratification of the release. The motion was granted without objection by Plaintiffs, and the parties waived trial by jury of the ratification issue.
At trial before Judge R.G. Walker, Jr., Defendants offered as evidence the entire file in the first lawsuit, and Plaintiffs offered as evidence the entire file in the current suit. After considering the evidence and arguments of counsel, the court made findings of fact and entered judgment for Defendants, concluding that Plaintiffs' claims were barred as a matter of law by the pleading of the release. From that judgment, Plaintiffs now appeal to this Court, contending that 1) Judge Walker's judgment erroneously reversed and overruled the orders entered by Judges Hobgood and Rousseau denying Defendants' motions for judgment on the pleadings and summary judgment, which orders Plaintiffs claim are "the law of this case" and res judicata, and 2) because Plaintiffs expressly reserved their rights to bring suit against Defendants, pleading the release did not bar their claims.

*113 II
We first consider Plaintiffs' argument that the prior rulings by Judge Hobgood and Judge Rousseau were binding upon Judge Walker and rendered his judgment for Defendants improper. The principal which governs the resolution of this issue is not the "law of the case" doctrine or res judicata, as Plaintiffs assert, but, rather, the well established rule that "no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action." Calloway v. Ford Motor Co., 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972).
In our opinion, neither Judge Rousseau nor Judge Walker was bound by Judge Hobgood's 31 May 1984 order denying Defendant's motion for judgment on the pleadings. That order was rendered at a different stage of the proceeding, the materials considered by Judge Hobgood were not the same, and the motion for judgment on the pleadings did not present the same question as that raised by the later motion for summary judgment. Compare Barbour v. Little, 37 N.C.App. 686, 247 S.E.2d 252, dis. rev. denied, 295 N.C. 733, 248 S.E.2d 862 (1978) (denial of Rule 12(b)(6) motion to dismiss did not prevent same or different Superior Court Judge from allowing subsequent motion for summary judgment) and Alltop v. J.C. Penney Co., 10 N.C.App. 692, 179 S.E.2d 885, cert. denied, 279 N.C. 348, 182 S.E.2d 580 (1971) (same); with State v. Neas, 278 N.C. 506, 180 S.E.2d 12 (1971) (trial judge may not grant motion to dismiss previously denied by another judge) and Stines v. Satterwhite, 58 N.C.App. 608, 294 S.E.2d 324 (1982) (samesummary judgment).
On the other hand, based on the nature of the proceeding before Judge Walker, we conclude that Judge Rousseau's order denying Defendants' motion for summary judgment was conclusive on the legal question presented for Judge Walker's review. The law is clear that one Superior Court judge may not reconsider and grant a motion for summary judgment previously denied by another judge. See Stines; Carr v. Great Lakes Carbon Corp., 49 N.C.App. 631, 272 S.E.2d 374 (1980), disc. rev. denied, 302 N.C. 217, 276 S.E.2d 914 (1981); Biddix v. Kellar Construction Corp., 32 N.C.App. 120, 230 S.E.2d 796 (1977). The record plainly shows that Judge Walker did not reach the merits nor did the parties waive jury trial of the liability and damage issues in the case; that the sole issue before Judge Walkerthe consequences of pleading the releasewas precisely the same question of law as that previously decided by Judge Rousseau; and that the materials and arguments considered by Judge Walker were substantially the same as those considered by Judge Rousseau. In our view, the proceeding constituted, for all intents and purposes, a rehearing of Defendants' motion for summary judgment. The fact that it was denominated a "trial" by the court and the parties did not change its essential nature nor authorize Judge Walker to correct any error of law of Judge Rousseau on the question of whether Plaintiffs' claims were barred. Accordingly, we conclude that the imposition of judgment dismissing Plaintiffs' claims based on ratification of the release violated the principle that one Superior Court judge may not overrule another.
This legal conclusion gives Plaintiffs only a chimerical victory because we further conclude that Plaintiffs are not entitled to relief on this appeal. The ratification issue on which this case turns is properly before this court on Defendants' cross-assignment of error to Judge Rousseau's order denying summary judgment. From our review of the record and for the reasons discussed hereafter, we conclude that Judge Rousseau erred in denying Defendants' motion for summary judgment and that Plaintiffs' action is barred as a matter of law.

III

A
The rule is well-established in this state that a plaintiff may not maintain an *114 action for injuries or damages sustained in an automobile accident while, at the same time, relying upon a complete release given by the defendant to defeat the defendant's counterclaim for damages arising out of the same accident. See Keith v. Glenn, 262 N.C. 284, 136 S.E.2d 665 (1964); Bradford v. Kelly, 260 N.C. 382, 132 S.E.2d 886 (1963); Snyder v. Kenan Oil Co., 235 N.C. 119, 68 S.E.2d 805 (1952); Leach v. Robertson, 49 N.C.App. 455, 271 S.E.2d 405 (1980); Lyon v. Younger, 35 N.C.App. 408, 241 S.E.2d 407 (1978); Fowler v. McLean, 30 N.C.App. 393, 226 S.E.2d 867 disc. rev. denied, 290 N.C. 776, 229 S.E.2d 32 (1976); Johnson v. Austin, 29 N.C.App. 415, 224 S.E.2d 293, disc. rev. denied, 290 N.C. 308, 225 S.E.2d 829 (1976); Jones v. Pettiford, 24 N.C.App. 546, 211 S.E.2d 455 (1975); McKinney v. Morrow, 18 N.C.App. 282, 196 S.E.2d 585 cert denied, 283 N.C. 665, 197 S.E.2d 874 (1973); White v. Perry, 7 N.C.App. 36, 171 S.E.2d 56 (1969). The logic behind the rule is simple:
By a compromise settlement between parties to an automobile collision each party effectively "buys his peace" respecting any liability created by the collision. The settlement constitutes an acknowledgment, as between the parties, of the liability of the payor and the nonliability, or at least a waiver of the liability, of the payee.
McKinney at 283, 196 S.E.2d at 587. See also Snyder at 120, 68 S.E.2d at 806. A settlement made by a liability insurance carrier with the assent or subsequent ratification of the insured constitutes an admission of liability because the carrier is under no obligation to pay unless the insured is legally liable. See Keith at 286, 136 S.E.2d at 667.
The most recent judicial pronouncement recognizing and explaining this rule was made in Bolton Corp. v. T.A. Loving Co., 317 N.C. 623, 347 S.E.2d 369 (1986), in which our Supreme Court stated:
In the context of a single automobile collision, the reason for the rule that ratification of a settlement of claims against the insured bars the insured's claim is obvious. If the plaintiff has ratified a settlement paying the defendant for injuries allegedly resulting from the plaintiff's negligence, it would be factually inconsistent for the plaintiff then to be allowed to recover against the defendant in a jurisdiction where contributory negligence is a total bar to recovery.
Id. at 626-27, 347 S.E.2d at 371.

B
Plaintiffs contend that the general rule does not apply to them because the release agreement executed in this case contained express language denying their liability and reserving their rights to pursue their claims for personal injury or property damage. They maintain that, by pleading the release, they merely ratified the reservation of their right to sue and that, accordingly, their claims are not barred.
We find no authority in support of an exception which would allow a party to contractually opt out of the rule that ratification of a settlement constitutes an admission of liability. As the Supreme Court recognized in Bolton Corp., it would be factually inconsistent to allow Plaintiffs to benefit from the settlement by their liability insurance carrier of Defendants' claims, and yet deny that they are liable.
The materials in the record present no issue of fact concerning whether Plaintiffs actually pleaded the release. Moreover, we note, although Plaintiffs have not argued otherwise, that the voluntary dismissal and refiling of the lawsuit did not constitute a revocation of the Plaintiffs' ratification so as to prevent the application of the rule requiring dismissal of their case. See Fowler (plaintiff's withdrawal, following voluntary dismissal, of plea of release did not revoke ratification).
For the reasons stated, we hold that, by pleading the release in bar of Defendants' counterclaim, Plaintiffs ratified the settlement by their insurance carrier and therefore lost the right to pursue their claims as a matter of law. Therefore, although Judge Walker had no authority to overrule Judge Rousseau on the facts of this case, *115 Plaintiffs, nevertheless, cannot prevail. Deciding this matter on Defendants' cross-assignment of error, we hold that the order of Judge Rousseau denying Defendants' motion for summary judgment is
Reversed.
JOHNSON, J., concurs.
PARKER, J., concurs in the result only.