JAMES FOSTER KEITH v. GARLAND D. GLENN, SR.

(Filed 12 June 1964.)

**1. Compromise and Settlement—**

 A consumated agreement to compromise and settle disputed claims is conclusive and binding on the parties to the agreement and those who knowingly accept its benefits.

**2. Same—**

 When an insurance carrier of one motorist, under rights conferred upon it by the policy, compromises and settles liabilities under the policy to the other motorist, such settlement does not bind the insured motorist in the absence of his assent or his subsequent ratification.

**3. Same; ˙Principal and Agent § 6—**

 Where, in an action involving an automobile accident, defendant motorist, who has accepted a settlement by plaintiff's insurance carrier, files a

counterclaim, plaintiff motorist is put to his election, and if he pleads the settlement as a bar to the counterclaim he ratifies the settlement and may not maintain his action.

APPEALS by plaintiff and defendant from *Hall, J.,* November 11, 1963 Civil Session of DURHAM.

Plaintiff instituted this action to recover $20,000 for personal injuries, and $500 property damage sustained when the automobile owned and operated by him collided with the automobile owned and operated by defendant. Plaintiff alleges the collision was caused by the negligent manner in which defendant operated his vehicle.

Defendant denied the collision was the result of his negligence. He asserted a counterclaim, alleging the collision was the result of plaintiff's negligence causing him damage in the amount of $5,000 for injuries to person and property. He alleged in section 6 of his counterclaim: "* * * the defendant is entitled to recover said sum [$5,000] of the plaintiff by way of counterclaim less the sum of $1250, which has already been paid to the defendant by or on behalf of the plaintiff in partial satisfaction of his damages."

Plaintiff moved to strike parts of defendant's answer. Included in the motion to strike was the quoted portion of section 6 of the counterclaim. The court ordered the quoted portion stricken. Defendant excepted.

Plaintiff replied to the counterclaim. He denied the collision was caused by his negligence. For further defense to the counterclaim, he alleged his insurance carrier, against his wishes, paid defendant $1,250 in full settlement of defendant's claim against plaintiff. Notwithstanding his allegations that settlement was made contrary to his wishes, he specifically alleges it bars defendant's right to claim damages from plaintiff.

After the reply was filed, defendant moved for judgment on the pleadings for that the release pleaded by plaintiff to defeat defendant's counterclaim was binding on both of the parties and neither could recover of the other.

Plaintiff moved to strike the entire counterclaim, asserting, "* * * that said counterclaim is a sham pleading and an irrelevant defense for that the defendant has heretofore entered into a settlement in compromise of the purported cause of action set forth in said counterclaim and has executed a full release with plaintiff's liability insurance carrier * * *." Thereafter, plaintiff sought permission to withdraw the reply which he had filed.

The several motions were heard by Judge Hall in October 1963. He denied defendant's motion for judgment on the pleadings. He denied

plaintiff's motion to strike the counterclaim. In his discretion,· he declined to permit plaintiff to withdraw his reply.

Plaintiff excepted to that portion of the order refusing to strike defendant's counterclaim. Defendant excepted to that portion denying its motion for judgment on the pleadings.

When the cause was called for trial, defendant demurred for that it appeared from plaintiff's pleadings (complaint and reply) that plaintiff could not maintain his action. The court sustained the demurrer, dismissed plaintiff's action and defendant's counterclaim. Each party excepted to the judgment and appealed.

*Everett, Everett & Everett; Haywood & Denny by George W. Miller, Jr., for plaintiff appellant.*

*Dupree, Weaver, Horton & Cockman by Jerry S. Alvis for defendant appellant.*

RODMAN, J. The basic question presented by plaintiff's appeal is this: May plaintiff maintain his action against defendant and at the same time rely on the release given by defendant to defeat the counterclaim? Unless we are to depart from logic and overrule prior decisions of this Court, the answer must be "No."

A consummated agreement to compromise and settle disputed claims is conclusive and binding on the parties to the agreement and those who knowingly accept its benefits. *Bradford v. Kelly,* 260 N.C. 382, 132 S.E. 2d 886; *Cannon v. Parker,* 249 N.C. 279, 106 S.E. 2d 229; *Houghton v. Harris,* 243 N.C. 92, 89 S.E. 2d 860; *Snyder v. Oil Co.,* 235 N.C. 119, 68 S.E. 2d 805; 11 Am. Jur. 272-3; 15 C.J.S. 747.

Plaintiff argues this sound legal principle should not be applied in controversies between insured motorists. He has, he says, purchased and paid for insurance which will compensate those he may injure. A payment by his insurance carrier for injuries he inflicts should not impair his right to compensation for injuries he sustains. The contention would have merit if his insurance provided for payment irrespective of fault or liability. It does not. It is *liability,* not *accident* insurance. Plaintiff's insurance carrier was under no obligation to pay unless plaintiff was legally liable. The insurance carrier had the right to compromise and settle claims asserted against its insured. However, a settlement, made without insured's assent or subsequent ratification, while protecting the insurer from further claims, would not bind the insured. *Bradford v. Kelly, supra; Phillips v. Alston,* 257 N.C. 255, 125 S.E. 2d 580; *Lampley v. Bell,* 250 N.C. 713, 110 S.E. 2d 316; *Beauchamp v. Clark,* 250 N.C. 132, 108 S.E. 2d 535.

An insured motorist, who refuses to ratify a settlement made by his insurer, is, if adjudged liable to the party executing the release, entitled to credit on his liability for the payment made by his carrier. *Bradford v. Kelly, supra; Ramsey v. Camp,* 254 N.C. 443, 119 S.E. 2d 209; *Holland v. Utilities Co.,* 208 N.C. 289, 180 S.E. 592. Recognizing this sound principle, defendant, when he asserted his counterclaim, offered to credit the amount he claimed as fair compensation with the payment made by plaintiff's insurance carrier. He did not plead settlement. His claim for additional compensation gave plaintiff the option to ratify and approve the action of his insurer in procuring a release for him, or to reject the purported settlement.

Plaintiff, before replying, moved to strike the counterclaim because, he asserted, it was a mere sham without foundation in fact. We are unable to agree with this contention. If defendant's factual allegations made under the sanctity of his oath are true, the collision was caused by plaintiff's negligence. In the collision defendant sustained a broken left hand; his elbows and knees were injured; he had a blow on the head; he was unable to work for eight weeks and, because of that inability, he lost $400 income. He incurred medical expenses. His automobile was, "badly battered, twisted, torn up and caved in."

We cannot hold, as a matter of law, that $1,250 is in fact full compensation for the injuries defendant says he sustained. Therein is the difference between this case and *Scott v. Meek,* 88 S.E. 2d 768, relied on by plaintiff in support of his motion to strike.

When the court overruled the motion to strike, plaintiff was called upon to elect the route he would take. *Bradford v. Kelly, supra.* He could not follow paths leading in opposite directions. He deliberately elected to plead: "That the receipt of the sum of $1,250.00 and the execution of said release was in compromise and settlement of a disputed claim * * * and the execution of the aforesaid release constitutes a bar to the counterclaim now being asserted by defendant." He has deliberately elected to ratify his insurance carrier's settlement with defendant. He must, when he accepts the benefits of the settlement, bear its burdens. As Dean Mordecai said in his Law Lectures: "The principal cannot of his own authority ratify a part and repudiate the rest, he cannot take the rose without the thorns." *Lawson v. Bank,* 203 N.C. 368, 166 S.E. 177; *Phillips v. Alston, supra; Greene v. Spivey,* 236 N.C. 435, 73 S.E. 2d 488; *Jones v. Bank,* 214 N.C. 794, 1 S.E. 2d 135; *Wilkins v. Welch,* 179 N.C. 266, 102 S.E. 316; *Rudasill v. Falls,* 92 N.C. 222.

In view of the conclusion reached with respect to the crucial question in the case, plaintiff's further assignments of error require no dis-

cussion; nor need we consider defendant's appeal taken merely to protect his rights if the judgment on plaintiff's appeal should be reversed. Affirmed.