WALTER ELBERT McKINNEY v. JOHN P. MORROW

No. 7329DC311

(Filed 23 May 1973)

Compromise and Settlement § 1; Torts § 7— insurer's settlement with defendant — ratification by plaintiff — plea in bar of counterclaim

Where the defendant in an action involving an automobile accident had accepted a settlement by plaintiff's insurance carrier and had given the carrier a release from liability, and defendant filed a counterclaim against plaintiff for damages sustained in the accident,

plaintiff's plea of the release from liability as a bar to defendant's counterclaim constituted a ratification of the settlement and barred plaintiff's claim against defendant.

APPEAL by plaintiff from *Gash, Judge,* 16 October 1972 Session of RUTHERFORD County District Court.

The plaintiff filed a complaint alleging that on 27 October 1970 he was injured in an automobile collision proximately caused by the negligence of the defendant. The defendant answered, and by counterclaim alleged that he was injured as a proximate result of the negligence of the plaintiff.

The plaintiff thereafter was allowed to file an amended reply to the counterclaim to the effect that his insurance carrier had obtained a release from liability from the defendant in exchange for payment of a compromise settlement totaling $310.00, paid to defendant by the insurance carrier.

The defendant thereafter was allowed to amend his answer to plead that release as an affirmative defense in bar of the plaintiff's action. The trial court sustained the plea in bar and dismissed plaintiff's claim for relief.

*Hamrick & Hamrick by J. Nat Hamrick for plaintiff appellant.*

*Morris, Golding, Blue and Phillips by James F. Blue III for defendant appellee.*

CAMPBELL, Judge.

G.S. 20-279.21 (f) (3) provides that every motor vehicle liability insurance policy shall include the right of the insurance carrier to settle in good faith any claim covered by the policy. The insurance carrier has the right to settle claims even if that provision is not written into the policy.

By a compromise settlement between parties to an automobile collision each party effectively "buys his peace" respecting any liability created by the collision. The settlement constitutes an acknowledgment, as between the parties, of the liability of the payor and the nonliability, or at least a waiver of the liability, of the payee. *Snyder v. Oil Co.,* 235 N.C. 119, 68 S.E. 2d 805 (1952).

"[W]here an insurance carrier makes a settlement in good faith, such settlement is binding on the insured as between him

and the insurer, but . . . such settlement is not binding as between the insured and a third party where the settlement was made without the knowledge or consent of the insured or over his protest, unless the insured in the meantime has ratified such settlement." *Lampley v. Bell,* 250 N.C. 713, 714, 110 S.E. 2d 316, 317 (1959). Such consent or ratification constitutes an admission of his liability by the insured. *Snyder v. Oil Co., supra.*

In the situation where plaintiff and defendant were involved in an automobile collision, and plaintiff's insurance carrier pays for and obtains a release from liability from the defendant, and the plaintiff later sues defendant for damages, the defendant responding against the plaintiff by counterclaim for his own damages, the following results are possible:

(1) The plaintiff may plead the release to bar defendant's counterclaim, but such pleading constitutes a ratification of the compromise settlement which in turn bars the plaintiff's own claim.

(2) If the plaintiff does not plead the release, but moves to strike the counterclaim based on the release, such motion to strike is also a ratification of the compromise settlement.

(3) Whether the plaintiff does or does not ratify the compromise settlement, his insurance carrier is not liable to the defendant or the plaintiff for any judgment which the defendant might obtain in the counterclaim against the plaintiff. If the plaintiff does not ratify the settlement he preserves his right of action against the defendant, but he also assumes the risk of having to pay a judgment obtained against him in the defendant's counterclaim without benefit of the liability insurance.

(4) If the defendant does obtain a judgment against the plaintiff, the amount of liability must be diminished by the amount previously paid to the defendant by plaintiff's insurance carrier. *Bradford v. Kelly,* 260 N.C. 382, 132 S.E. 2d 886 (1963).

In the instant case plaintiff contends that this rule of law forces him to give up protection of his liability insurance policy which the State has forced him to buy. However, a similar contention was argued and rejected in *Keith v. Glenn,* 262 N.C. 284, 136 S.E. 2d 665 (1964).

"The Motor Vehicle Financial Responsibility Act obliges a motorist either to post security or to carry *liability* insurance, not accident insurance to indemnify all persons who might be injured by the insured's car. *Keith v. Glenn,* 262 N.C. 284, 286, 136 S.E. 2d 665, 667. When the Legislature passed the act it was not in the legislative contemplation that each driver in a two-car collision would recover from the other's insurance carrier." *Moore v. Young,* 263 N.C. 483, 485, 139 S.E. 2d 704, 706 (1965).

Affirmed.

Judges PARKER and HEDRICK concur.