303 So.2d 355 (1974)
Steven Arthur SHIELDS, Appellant,
v.
Belen Morales DEL ROSARIO, As Administratrix of the Estate of Gonzalo Del Rosario, Deceased, and Allstate Insurance Company, a Foreign Corporation, Appellees.
No. 74-143.
District Court of Appeal of Florida, Third District.
October 29, 1974.
Rehearing Denied December 10, 1974.
*356 Thomas N. Balikes, Miami, for appellant.
Weinstein & Bavly and Arthur J. Morburger, Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Plaintiff-appellant seeks review of that portion of a final judgment dismissing plaintiff's complaint with prejudice.
On May 16, 1971 an automobile owned and operated by Gonzalo Del Rosario collided with an automobile owned and operated by the plaintiff-appellant in this cause, Stephen Arthur Shields. As a result thereof, Gonzalo Del Rosario died and his widow, Belen Morales Del Rosario, defendant-appellee herein who was appointed administratrix of the Estate of Gonzalo Del Rosario, filed suit against Shields and his liability insurer, Continental Casualty Insurance Company. Subsequently, on August 5, 1973 Belen Morales Del Rosario for the sum of $22,500 executed a settlement and release of all claims arising out of the accident as against Shields and Continental Casualty Insurance Company. Previous thereto, on July 24, 1973 Shields, appellant herein, had filed a complaint for damages arising out of the same accident against Belen Morales Del Rosario as administratrix of the Estate of Gonzalo Del Rosario and Gonzalo's liability insurer, Allstate Insurance Company, defendant-appellees herein. In response thereto, defendants filed an answer and counterclaim. Thereafter, plaintiff Shields filed a motion to dismiss and/or strike the counterclaim and as grounds therefor alleged that Belen Morales Del Rosario had entered into a complete settlement with plaintiff and Continental Casualty Company of all claims arising out of the accident which occurred on May 16, 1971. After asserting as an affirmative defense to the counterclaim the settlement and general release of August 15, 1971, plaintiff on October 17, 1971 moved for a judgment on the pleadings pursuant to RCP 1.140(c) directed against the counterclaim. Defendants were permitted to amend their answer by adding this same release as an affirmative defense to the complaint and thereupon moved for *357 a judgment on the pleadings dismissing the complaint. After oral argument thereon, the trial judge dismissed with prejudice both the complaint and counterclaim. Plaintiff appeals the dismissal of his complaint with prejudice.
Plaintiff-appellant alleges the trial court erred in the granting and entry of final judgment on the pleadings against the plaintiff on the basis that his insurer settled and obtained releases on the counterclaims against the plaintiff. We cannot agree.
A liability insurer's settlement of a claim against the insured, made without the insured's consent or against his protests of nonliability, and not thereafter ratified by him, will not ordinarily bar an action by the insured against the person receiving the settlement on a claim arising out of the same state of facts. Annot., 32 A.L.R.2d 937 (1953).
Turning to the case sub judice, in light of the above principle of law we first note that in his answer to the counterclaim plaintiff-appellant alleges that "said lawsuit was settled by counsel for Belen Del Rosario and Stephen Arthur Shields and Continental Casualty Company." Thus, it is apparent from the pleadings that the subject settlement and release was entered into with the knowledge and consent of appellant, the insured. Further, plaintiff Shields having answered the counterclaim by pleading the settlement agreement has elected to ratify his liability insurer's settlement with the defendant administratrix, thereby barring his own tort action. See Keith v. Glenn, 262 N.C. 284, 136 S.E.2d 665 (1964); McKinney v. Morrow, 18 N.C. App. 282, 196 S.E.2d 585 (1973). Therefore, we conclude that the trial judge was eminently correct in granting the motions for judgment on the pleadings of the respective parties to this action.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.