PEGGY SUE W. JOHNSON v. OLIN B. AUSTIN

No. 7520SC1008

(Filed 5 May 1976)

1. **Compromise and Settlement § 1; Torts § 7— contributory negligence alleged — release executed by defendant — plaintiff's pleading of release as bar to action**

    In an action to recover damages for injuries sustained in an automobile collision, plaintiff's pleading of a settlement and release signed by defendant as a bar to defendant's counterclaim constituted a ratification of the settlement and barred plaintiff's action.

2. **Rules of Civil Procedure § 15— motion to amend pleadings — denial proper**

    The trial court did not err in refusing to permit the plaintiff to amend her pleadings to allege that the release referred to in her reply to defendant's counterclaim was taken without plaintiff's knowledge, consent or approval.

APPEAL by plaintiff from *Alvis, Judge*. Judgment entered 18 November 1975 in Superior Court, UNION County. Heard in the Court of Appeals 19 March 1976.

The plaintiff filed a complaint alleging that on 6 June 1972 she was injured and her automobile damaged in a collision proximately caused by the negligence of the defendant. The defendant answered, and by counterclaim alleged that his automobile was damaged as a proximate result of the negligence of the plaintiff. Plaintiff filed a reply to the counterclaim denying that plaintiff was negligent and alleged " . . . [t]hat as .this plaintiff is ad-

vised, informed and does believe, the defendant has been satisfied for all damages, if any, that he received in the collision and has signed a complete release for all damages that he claimed as a result of said collision."

At the call of the case for trial the defendant moved the court for dismissal of plaintiff's cause under the provisions of G.S. 1A-1, Rule 12(b)(6) and under G.S. 1A-1, Rule 12(c). Plaintiff moved the court, under the provisions of G.S. 1A-1, Rule 15, for leave to amend Paragraph 3 of the reply so as to include in that paragraph a statement that the release referred to was taken without the plaintiff's knowledge, approval or consent.

The court allowed defendant's motion for judgment on the pleadings pursuant to G.S. 1A-1, Rule 12(c) but denied all other motions, and dismissed plaintiff's action. Plaintiff appealed.

*Coble Funderburk, for plaintiff.*

*Griffin & Caldwell, by C. Frank Griffin; Griffin & Humphries, by James E. Griffin, for defendant.*

MARTIN, Judge.

Plaintiff contends the court erred in granting the defendant's motion for judgment on the pleadings and dismissing plaintiff's action.

[1] "A consummated agreement to compromise and settle disputed claims is conclusive and binding on the parties to the agreement and those who knowingly accept its benefits." *Keith v. Glenn*, 262 N.C. 284, 136 S.E. 2d 665 (1964). In the case at bar, the plaintiff alleged negligence on the part of the defendant, denied negligence on her part, and in her reply to defendant's counterclaim, alleged that the defendant had been satisfied of all damages, if any, that he received in the collision in that he had signed a complete release for all damages that he claimed as a result of said collision. The pleading of the release as a bar to the counterclaim constitutes a ratification of the settlement and bars plaintiff's action. *Keith v. Glenn, supra.* Therefore, this assignment of error is overruled.

[2] Plaintiff next contends the trial court erred in refusing to permit the plaintiff to amend her pleadings to allege that the release referred to in her reply was taken without the plaintiff's knowledge, consent or approval.

The record shows that the last pleading filed was plaintiff's reply, which was filed 1 August 1975. Plaintiff's motion was made after the case was called for trial on 18 November 1975. Substantially more than 30 days after service of the last responsive pleading had elapsed. The pleading was not necessary to conform with the evidence because no evidence had been introduced. Thus, the pleading could only have been admitted by leave of court or by written consent of the adverse party. G.S. 1A-1, Rule 15. The adverse party did not give written consent and the trial judge, in his discretion, chose not to grant such motion.

Affirmed.

Chief Judge BROCK and Judge VAUGHN concur.