BOLTON CORP. v. T. A. LOVING COMPANY

No. 8410SC1215

(Filed 1 October 1985)

Principal and Agent § 6; Compromise and Settlement § 1.1— compromise between defendant and plaintiff's insurer—pleaded as bar to defendant's counterclaim— ratified by plaintiff

The trial court correctly granted summary judgment for defendant in an action arising from a construction dispute where plaintiff filed an action against defendant, defendant filed an answer and counterclaim against plaintiff, plaintiff's insurer settled with defendant without plaintiff's consent, and plaintiff asserted that defendant's counterclaim was barred by the settlement. When a plaintiff pleads settlement and release as a bar to defendant's counterclaim, the pleading constitutes a ratification of the settlement and bars both plaintiff's and defendant's actions.

APPEAL by plaintiff from *Brannon, Judge*. Order entered 13 September 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 19 August 1985.

*Akins, Mann, Pike & Mercer by J. Jerome Hartzell for plaintiff appellant.*

*Poyner, Geraghty, Hartsfield & Townsend by David W. Long, Cecil W. Harrison and Susanna K. Gilchrist; and Taylor, Warren, Kerr & Walker by John H. Kerr for defendant appellee.*

COZORT, Judge.

Plaintiff's principal assignment of error concerns the trial court's granting summary judgment for defendant. At the center of the controversy is a document entitled "Release in Full" which signifies a settlement agreement between defendant and plaintiff's insurance company. Plaintiff contends the trial court erred in granting summary judgment because it never ratified the document, or that at most, only ratified part of the agreement, and nevertheless by the terms of the document retained its right to sue. For the reasons stated below, we affirm.

Plaintiff and defendant were prime contractors in the construction of the Walter R. Davis Library at the University of North Carolina at Chapel Hill.

In September 1979, the State entered into contracts with plaintiff and defendant for the construction of the library. Defendant was the general contractor for the project and was responsible for furnishing labor and materials and performing certain work on this project. In addition to furnishing labor and materials, defendant was designated "Project Expediter," and as such, was responsible for coordinating all schedules and ongoing projects in the course of construction. Plaintiff was responsible for installation of the library's heating, ventilation, and air conditioning system.

Both plaintiff's and defendant's contract with the State contained identical provisions specifying that work would be performed within 930 consecutive calendar days. The construction project, however, experienced numerous delays and was not completed until well after the 930-day time period.

On 14 April 1983, a water line at the unfinished library was ruptured by plaintiff's construction crew. In the following months, defendant filed claims with plaintiff's insurance carrier, Aetna Casualty and Surety Co., for delays and damages to property.

On 16 November 1983, plaintiff filed its lawsuit against the defendant seeking damages it allegedly suffered by reason of defendant's delay in completing its work on the library and the resulting interference with plaintiff's work on the library. In its complaint plaintiff alleged that defendant was responsible for maintaining certain progress on its own work and scheduling and coordinating the work of the other prime contractors; that defendant failed to timely complete its work as required by the September 1979 contract; and that plaintiff was delayed in performing its contract with the State and suffered $350,000 in damages, by reason of defendant's failure to maintain progress and failure to coordinate progress on the job. Plaintiff contended that defendant was liable to it both by reason of breach of contract and under a theory of negligence.

On 23 January 1984, defendant filed its answer denying the bulk of plaintiff's allegations, moved to dismiss plaintiff's complaint under Rule 12(b)(6), and counterclaimed alleging that it had been damaged by reason of the broken water line for which plaintiff was responsible and also that plaintiff was liable to defendant for failure to pay its pro rata share of the power bills.

On 21 February 1984, upon receipt of $136,445.29 from plaintiff's insurer in the ruptured water pipe claim it had filed with the insurer, defendant executed a "Release in Full" in which defendant

> release[d] and forever discharge[d] the said Bolton Corporation and their representatives, Aetna Casualty & Surety Co. and all other persons, firms or corporations from all claims, demands, damages, actions, or causes of action, on account of damage to property, The Central Library, Chapel Hill, N. C. which occurred on or about the 14th day of April, 1983, by reason of water pipe breaking and of and for all claims or demands whatsoever in law or in equity, which it and its successors can, shall or may have by reason of any matter, cause or thing whatsoever prior to the date hereof.
>
> *    *    *    *
>
> It is Understood and Agreed that this is a full and final release of all claims of every nature and kind whatsoever,

and releases claims that are known and unknown, suspected and unsuspected.

Only defendant and accompanying witnesses signed the document.

The next day, 22 February 1984, plaintiff filed its reply to defendant's counterclaim asserting in its concluding paragraph that "any recovery sought is barred by the doctrine of accord and satisfaction, settlement and release."

On 3 August 1984, defendant moved for summary judgment pursuant to Rule 56, N.C. Rules Civ. Proc. Both parties submitted briefs, memoranda, and supporting exhibits. Defendant contended that plaintiff's plea of settlement and release was a binding ratification of the settlement between plaintiff's insurer, Aetna Casualty, and defendant, which barred plaintiff's original claim. The trial court granted defendant's motion for summary judgment in an order filed 13 September 1984.

On the issue of ratification of settlement, our Supreme Court has stated:

> It seems to be well-nigh the universal holding in this country that where an insurance carrier makes a settlement in good faith, such settlement is binding on the insured as between him and the insurer, but that such settlement is not binding as between the insured and a third party where the settlement was made without the knowledge or consent of the insured or over his protest, unless the insured in the meantime has ratified such settlement.

*Lampley v. Bell*, 250 N.C. 713, 714, 110 S.E. 2d 316, 317 (1959). In *Patterson v. Lynch*, 266 N.C. 489, 493, 146 S.E. 2d 390, 393 (1966), the Supreme Court noted that " '[o]ne of the most unequivocal methods of showing a ratification of an agent's unauthorized act is by bringing an action or basing a defense on the unauthorized act with full knowledge of the material facts.' [Citation omitted.]"

Here it is undisputed that at the time plaintiff's insurer settled with the defendant, plaintiff had not consented to the settlement but that at the time plaintiff filed its reply to defendant's counterclaim plaintiff had full knowledge of the material facts of the settlement and "Release in Full." Therefore, the question we

must decide is whether plaintiff has ratified the compromise settlement by pleading the settlement and release in its reply as a bar to defendant's counterclaim, and, if so, whether the ratification of the settlement bars plaintiff's claim for damages presented in this lawsuit. At least in the context of motor vehicle negligence cases, this question has repeatedly been answered in the affirmative. *See, e.g., Keith v. Glenn,* 262 N.C. 284, 136 S.E. 2d 665 (1964); *Johnson v. Austin,* 29 N.C. App. 415, 224 S.E. 2d 293, *cert. denied,* 290 N.C. 308, 225 S.E. 2d 829 (1976); *White v. Perry,* 7 N.C. App. 36, 171 S.E. 2d 56 (1969).

In *Keith v. Glenn, supra,* the court phrased the issue as follows: "May plaintiff maintain his action against defendant and at the same time rely on the release given by defendant to defeat the counterclaim?" It ruled that "[u]nless we are to depart from logic and overrule prior decisions of this Court, the answer must be 'No.'" 262 N.C. at 286, 136 S.E. 2d at 667.

> A consummated agreement to compromise and settle disputed claims is conclusive and binding on the parties to the agreement and those who knowingly accept its benefits. *Bradford v. Kelly,* 260 N.C. 382, 132 S.E. 2d 886; *Cannon v. Parker,* 249 N.C. 279, 106 S.E. 2d 229; *Houghton v. Harris,* 243 N.C. 92, 89 S.E. 2d 860; *Snyder v. Oil Co.,* 235 N.C. 119, 68 S.E. 2d 805 . . . .

*Id.*

When a plaintiff pleads settlement and release as a bar to defendant's counterclaim, the pleading constitutes a ratification of the settlement and bars both plaintiff's and defendant's actions. *Keith v. Glenn, supra; Johnson v. Austin, supra; White v. Perry, supra.* We find this case to be governed by this rule.

Plaintiff argues that since defendant's original claim with Aetna was for the water damage incident, the resulting release should be narrowly construed in such a way as to limit ratification to the amount paid therefor. Such an interpretation is contrary to existing law and the broad language of the release itself. The release was not only for the water damage claim but "of and for all claims or demands whatsoever in law or in equity, which [TALCO] can, shall or may have" prior to the signing date of the release. A principal may not ratify the act of his agent in part and

repudiate such act in part: " '[H]e cannot take the rose without the thorns.' [Citations omitted.]" *Keith v. Glenn, supra,* 262 N.C. at 287, 136 S.E. 2d at 668.

In the case *sub judice,* plaintiff had several options open to it, each of which has its benefits and risks or burdens. The first option the plaintiff had was to ratify the settlement. At least two ways a plaintiff may ratify a settlement are by (1) pleading settlement and release to bar defendant's counterclaim, or (2) by moving to strike the counterclaim based on the release. *McKinney v. Morrow,* 18 N.C. App. 282, 196 S.E. 2d 585, *cert. denied,* 283 N.C. 665, 197 S.E. 2d 874 (1973). The benefit of such action is to bar defendant's counterclaim and thus avoid the possibility of having to pay a judgment without the benefit of liability insurance. The burden of such action is that plaintiff's claims are also barred.

As second option, plaintiff can choose not to ratify the compromise settlement. The benefit of such action is plaintiff preserves its right of action against the defendant. *See Bradford v. Kelly,* 260 N.C. 382, 132 S.E. 2d 886 (1963); *McKinney v. Morrow, supra.* The burden of such an action is that defendant still has the right to bring its counterclaim; and while plaintiff may maintain its action, it does so at the risk that if defendant prevails, plaintiff may have to pay a judgment without the benefit of liability insurance. *Bradford v. Kelly, supra; McKinney v. Morrow, supra.* Likewise, if defendant prevails, it can look only to the plaintiff for payment because, by settling with the insurer, defendant has bought his peace with the insurer and released it from liability. *See Bradford v. Kelly, supra,* 260 N.C. at 388, 132 S.E. 2d at 890.

Of course, as a matter of equity, "[i]f the defendant does obtain a judgment against the plaintiff, the amount of liability must be diminished by the amount previously paid to the defendant by plaintiff's insurance carrier." *McKinney v. Morrow, supra,* 18 N.C. App. at 284, 196 S.E. 2d at 587, *citing Bradford v. Kelly, supra.*

Finally, plaintiff relies heavily on the final paragraph of the "Release in Full" which states:

It is further understood and agreed that any party hereby released admits no liability to the undersigned or any others, shall not be estopped or otherwise barred from asserting, and expressly reserves the right to assert any claim

Bolton Corp. v. T. A. Loving Co.

or cause of action such party may have against the under-signed or any others.

Plaintiff argues that even if it did ratify the settlement and release that the above language gives it the right to maintain its action. Had the plaintiff been a true party to the settlement, that is, if plaintiff had consented to the settlement at the time the "Release in Full" was executed, plaintiff's argument would have validity. Plaintiff, however, did not consent to the settlement at the time the "Release in Full" was executed. As such the above language is merely a restatement of the law concerning a non-consenting insured's rights: that by not consenting to its insurer's settlement and release, it retained its right to pursue any claims it may have against the defendant. However, once plaintiff rati-fied the compromise settlement, it gave up this right.

To allow plaintiff to plead the release to bar defendant's counterclaims and yet allow plaintiff to pursue his original claims would materially change the terms or understanding upon which defendant bargained with plaintiff's insurer. When a defendant-claimant settles with plaintiff's insurer without plaintiff's knowl-edge or consent, defendant does so with the knowledge that the plaintiff may still pursue whatever claims it may have against the defendant. Defendant, however, may still take comfort in the fact that unless and until plaintiff-insured ratifies the settlement, defendant may seek *full* recovery for his claims against the plain-tiff, though it may no longer look to plaintiff's insurer for the pay-ment of any judgment it may obtain.

To adopt plaintiff's position in this case would in effect pre-vent insurers from settling claims, in good faith, without the in-sured's consent. A defendant-claimant would have little incentive to compromise its claims if a plaintiff-insured, without ratifying the settlement and compromising its claims, could pursue its claims in full and at the same time bar the defendant's claims and thereby prevent the defendant from pursuing a full recovery.

In sum, by pleading settlement and release in bar to defend-ant's counterclaim, plaintiff ratified the compromise settlement and effectively barred defendant's counterclaim, but at the same time, plaintiff compromised its claims and barred its original ac-tion as well. We hold that the trial court properly granted sum-mary judgment for the defendant.

Since summary judgment was properly granted, it is unnecessary to address the parties' remaining assignments of error.

Affirmed.

Chief Judge HEDRICK and Judge ARNOLD concur.