PAUL DAVID MENARD, AN INFANT, BY AND THROUGH HIS GUARDIAN AD LITEM, PAUL F. MENARD, AND PAUL F. MENARD, INDIVIDUALLY, PLAINTIFFS v. RONALD EDWARD JOHNSON, JR., DEFENDANT, AND NEAL OWEN PARKS, DEFENDANT AND THIRD PARTY PLAINTIFF v. RONALD EDWARD JOHNSON, SR., THIRD PARTY DEFENDANT

No. 911SC78

(Filed 7 January 1992)

Torts § 5 (NCI3d) — settlement — codefendant's cross claim for contribution barred — defendant's right to file cross claim or counterclaim against same codefendant not barred

A defendant who settles with a plaintiff and invokes N.C.G.S. § 1B-4 to bar a cross claim for contribution from a codefendant does not extinguish his rights to pursue his own cross claim or counterclaim against the same codefendant for damages (personal and property) allegedly inflicted upon him by the codefendant.

Am Jur 2d, Contribution §§ 82, 113; Counterclaim, Recoupment, and Setoff § 39.

APPEAL by defendant, Ronald Edward Johnson, Jr., and third party defendant, Ronald Edward Johnson, Sr., from judgment entered

## MENARD v. JOHNSON

[105 N.C. App. 70 (1992)]

1 October 1990 by *Judge J. Herbert Small* in CURRITUCK County Superior Court. Heard in the Court of Appeals 5 November 1991.

On 31 March 1989 a pickup truck driven by Neal Parks (Parks) collided with a Volkswagen automobile driven by Ronald Edward Johnson, Jr. (Johnson Jr.). The plaintiff, Paul Menard (plaintiff), was a passenger in Johnson Jr.'s Volkswagen which Ronald Edward Johnson, Sr. (Johnson Sr.) owned.

On 15 May 1989 plaintiff filed this action against Johnson Jr. and Parks alleging that both defendants were negligent. On 27 July 1989 Parks filed an answer and cross claim for contribution against Johnson Jr. Parks also filed a third party complaint against Johnson Sr. seeking contribution. On 24 August 1989 Johnson Jr. filed an answer and cross claim against Parks. In his cross claim Johnson Jr. sought contribution and recovery for his own personal injuries. Johnson Sr. then filed an answer to the third party complaint and a counterclaim for property damage to his vehicle.

The trial court entered a consent judgment on 9 May 1990 which approved a settlement between the Johnsons' liability insurer, United Services Automobile Association (USAA) and the plaintiff. The settlement released the Johnsons from all liability in consideration of a $50,000 payment. Parks did not consent to the settlement and did not have notice of the settlement until after judgment was entered.

The Johnsons then filed supplemental pleadings and pled the settlement and consent judgment in bar of Parks' contribution claim pursuant to G.S. 1B-4. Parks also filed supplemental pleadings and alleged that the Johnsons irrevocably ratified USAA's settlement and that by invoking G.S. 1B-4 in bar of Park's claim the Johnsons had elected a remedy and judicially admitted that they were joint tort-feasors proximately causing the accident.

The Johnsons filed a motion for partial summary judgment against Parks' contribution claim. Parks filed a motion for partial summary judgment seeking dismissal of the Johnsons' claims. The trial court granted both motions.

*D. Keith Teague, P.A., by D. Keith Teague, for defendant-appellant, Ronald Edward Johnson, Jr., and third party defendant-appellant, Ronald Edward Johnson, Sr.*

*Hornthal, Riley, Ellis & Maland, by L. P. Hornthal, Jr. and John D. Leidy, for defendant-appellee.*

MENARD v. JOHNSON

[105 N.C. App. 70 (1992)]

EAGLES, Judge.

The sole issue raised by this appeal is whether a defendant who settles with a plaintiff and invokes G.S. 1B-4 to bar a cross claim for contribution from a co-defendant also extinguishes his rights to pursue his own cross claim or counterclaim against the same co-defendant for damages (personal and property) allegedly inflicted upon him by the co-defendant. We hold that the defendant does not lose his right to cross claim or counterclaim.

Parks first argues that the Johnsons admitted their negligence was a proximate cause of the collision by "irrevocably ratifying USAA's settlement" with the plaintiff. Parks contends that because the Johnsons' "ratification" of the USAA settlement is an admission of negligence, the Johnsons have forfeited their cross claims for personal injury and property damage. To support his contention, Parks relies on: *Keith v. Glenn*, 262 N.C. 284, 136 S.E.2d 665 (1964); *Smithwick v. Crutchfield*, 87 N.C. App. 374, 361 S.E.2d 111 (1987); and *Johnson v. Alston*, 29 N.C. App. 415, 224 S.E.2d 293, *disc. rev. denied*, 290 N.C. 308, 225 S.E.2d 829 (1976).

A common fact scenario exists in each of the cases cited by Parks. The plaintiff and defendant were involved in an automobile accident. The plaintiff's carrier entered a settlement with the defendant. The plaintiff then filed suit against the defendant alleging that the defendant's negligence caused him damage, and the defendant counterclaimed. The plaintiff then pled his carrier's settlement in bar of the defendant's counterclaim. In each case the court held that plaintiff's plea of the defendant's release in bar of the counterclaim constituted a ratification of the settlement and barred the plaintiff's action.

The cases cited by Parks are each factually distinguishable from the *instant case*. In each case, the plaintiff's carrier entered a settlement with the defendant, and the plaintiff then sought to maintain an action to recover for his injuries against the same defendant. Here, however, the Johnsons are not seeking to recover from the party with whom their carrier settled. The Johnsons are seeking recovery from Parks. The Johnsons' carrier has not entered a settlement agreement with Parks. To the contrary, the only settlement here was between the Johnsons' carrier and the plaintiff. That settlement dealt solely with the plaintiff's injuries, and did not address the Johnsons' personal injury and property damage claims against Parks. Accordingly, we hold that there is

no settlement between USAA and Parks or between USAA and the plaintiff which the Johnsons could have ratified in bar of their claims against Parks.

However, Parks argues that even if we do not extend the ratification doctrine to encompass the present fact situation, the Johnsons have admitted their liability by electing to rely on the Uniform Contribution among Tort-Feasors Act (Uniform Act) to bar Parks' contribution claim. G.S. 1B-4 provides in pertinent part:

> When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

> * * *

> (2) It discharges the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor.

Parks argues that by relying on G.S. 1B-4 to bar Parks' claim for contribution, the Johnsons admitted that they were "one of two or more persons liable in tort for the same injury." In short, Parks claims that the Johnsons admitted they were tort-feasors. We disagree.

The plain language of G.S. 1B-4 does not address cross claims or counterclaims for personal injury or property damage. The statute only addresses the statutory right to contribution. Statutes must be construed as written. *Burchette v. Davis Distributing Co.*, 243 N.C. 120, 125, 90 S.E.2d 232, 236 (1955). Where "the language of a statute is clear and unambiguous judicial construction is not necessary. Its plain and definite meaning controls." *Underwood v. Howland*, 274 N.C. 473, 479, 164 S.E.2d 2, 6 (1968) (citation omitted). Here, the statute clearly does not address personal injury or property damage claims. For this reason the assignment is overruled.

Furthermore, it is well settled that North Carolina public policy encourages prompt settlement of disputed claims. *See, e.g., North Carolina Baptist Hosp., Inc. v. Mitchell*, 323 N.C. 528, 533, 374 S.E.2d 844, 846 (1988). Indeed, the Uniform Act contemplates that settlements are to be encouraged, *Wheeler v. Denton*, 9 N.C. App. 167, 171, 175 S.E.2d 769, 772 (1970), and even provides an incentive for early settlement. The Uniform Act permits a tort-feasor to enter into a good faith settlement and release with an injured

party and relieve himself of further liability to remaining joint tort-feasors for contribution. G.S. 1B-4. The rule Parks proposes that this Court adopt by decision would remove this statutory incentive for early settlement. For example, a defendant who was sued in tort with another co-defendant and who sustained personal injury or property damage, would be discouraged from settling with the plaintiff and pleading the settlement in bar of his co-defendant's contribution claim. According to Parks' logic, which we have rejected here, if the defendant did raise the settlement in bar of contribution, he would lose his cause of action against the co-defendant. Parks' logic would also leave him with an unimpaired right to sue Johnson for property damage but would bar Johnson's claim. We reject such results and overrule the assignment of error.

Accordingly, we reverse the entry of partial summary judgment against the Johnsons and remand for trial.

Reversed and remanded.

Judges JOHNSON and ORR concur.