CYNTHIA C. LAWRENCE AND FRANKLIN E. LAWRENCE, PLAINTIFFS-APPELLANTS V. JEAN MAY BURY, DEFENDANT-APPELLEE

No. COA95-911

(Filed 18 June 1996)

**Compromise and Settlement § 7 (NCI4th)— plaintiffs' pleading of settlement between insurer and defendant —plaintiffs' action barred**

> Where defendant accepts a settlement by plaintiffs' insurer and files a counterclaim, plaintiffs who reply that such a settlement is a bar to the counterclaim may not maintain their action against that defendant, since such a reply operates to ratify the settlement between plaintiffs' insurer and defendant and thus forecloses any suit by plaintiffs against defendant for damages arising out of the accident; furthermore, the trial court did not err in refusing to permit plaintiffs to withdraw their reply, since they made an irrevocable choice when they elected to plead full settlement.

**Am Jur 2d, Compromise and Settlement § 45.**

Appeal by plaintiffs-appellants from order entered 15 May 1995 by Judge Timothy L. Patti in Gaston County Superior Court. Heard in the Court of Appeals 28 March 1996.

*Reid C. James for plaintiffs-appellants.*

*Stott, Hollowell, Palmer & Windham, L.L.P., by James C. Windham, Jr., for defendant-appellee.*

## LAWRENCE v. BURY

[122 N.C. App. 742 (1996)]

WYNN, Judge.

In April 1994, a vehicle driven by defendant Jean May Bury collided with a vehicle driven by plaintiff Cynthia C. Lawrence and owned by plaintiff Franklin E. Lawrence. Plaintiffs sued defendant in tort alleging that the accident caused personal injury and property damage. In response, defendant denied negligence; pled as an alternative defense, contributory negligence; and counterclaimed for $1,200.00 for damage to her car.

Plaintiffs replied to defendant's counterclaim denying negligence, alternatively pleading contributory negligence, and alleging that their insurance company, without their prior knowledge or consent, paid defendant $1,135.00 in settlement of her property damage claim. Plaintiffs further alleged that defendant accepted the check from their insurance company "in full satisfaction and discharge" of her ·counterclaim, and that her receipt of the payment constituted a bar to recovering against the plaintiffs.

Following plaintiff's reply, defendant moved to dismiss plaintiffs' action, alleging that plaintiffs' reply ratified the compromise settlement and thereby barred plaintiffs from seeking any recovery from the defendant. Shortly thereafter, plaintiffs sought to "dismiss, without prejudice, . . . their reply to counterclaim" which stated that defendant accepted the check from plaintiffs' insurance company in full settlement of any claim defendant may have had against plaintiffs.

Upon full consideration of the matter, Superior Court Judge Timothy L. Patti granted defendant's motion to dismiss plaintiffs' entire action with prejudice. Plaintiffs appeal.

---

The issue on appeal is where defendant accepts a settlement by plaintiffs' insurer and files a counterclaim, may plaintiffs who reply that such settlement is a bar to the counterclaim maintain their action against that defendant? The answer given by Justice Rodman in *Keith v. Glenn*, 262 N.C. 284, 136 S.E.2d 665 (1964) is the same now as it was then: No.

In *Keith*, plaintiff sued defendant for $20,500.00 to recover for personal injuries and property damage sustained in an automobile accident. Defendant denied negligence and counterclaimed for $5,000.00 for personal injuries and property damage. *Id.* at 285, 136 S.E.2d at 666. In reply, plaintiff asserted that his insurance carrier,

against his wishes, paid defendant $1,250.00 in full settlement of defendant's claim against plaintiff. *Id.* Plaintiff specifically alleged that the settlement barred defendant's right to claim damages from him. *Id.*

The defendant in *Keith*, responding to plaintiff's reply, moved for summary judgment on pleadings alleging that the reply pled by plaintiff ratified the settlement and barred plaintiff's action. *Id.* The trial court agreed and our Supreme Court affirmed, holding that the plaintiff could not rely on defendant's acceptance of payment from plaintiffs' insurer to defeat defendant's counterclaim on the one hand, and proceed with suit on the other. *Id.* at 286-87, 136 S.E.2d at 667-68. The Court stated:

> [Plaintiff] could not follow paths leading in opposite directions. He deliberately elected to plead: "That the receipt of the sum of $1,250.00 and the execution of said release was in compromise and settlement of a disputed claim and the execution of the aforesaid release *constitutes a bar to the counterclaim now being asserted by defendant.*" He has deliberately elected to ratify his insurance carrier's settlement with defendant. He must, when he accepts the benefits of the settlement, bear its burdens.

*Id.* at 287, 136 S.E.2d at 667.

In the instant case, plaintiffs' reply to defendant's counterclaim included the following:

**THIRD DEFENSE**

. . .

> 11. That an agent of the Plaintiffs in this action paid the sum of $1,135.00 to the Defendant, without the consent of the Plaintiffs, in full settlement of the factual basis forming the claim set forth within her counterclaim, and the defendant accepted said sum in *full satisfaction and discharge of the claim set forth in said counterclaim,* and said payment therefore constitutes a bar to any further recovery by the Defendant against the Plaintiffs.

The language used by plaintiffs in paragraph eleven is indistinguishable from that in *Keith*. Here, as in *Keith*, plaintiffs moved the trial court to dismiss defendant's counterclaim, relying on the defendant's acceptance of money from the plaintiffs' insurer in *full satisfaction*

of defendant's claim against plaintiffs. As a result, we are bound by *Keith* to hold that plaintiffs' third defense operated to ratify the settlement between plaintiffs' insurer and defendant, and foreclosed any suit by the plaintiffs against the defendant for damages arising out of the accident. As stated in *Keith*, "[a] consummated agreement to compromise and settle disputed claims is conclusive and binding on the parties to the agreement and those who knowingly accept its benefits." *Id.* at 286, 136 S.E.2d at 667.

Plaintiffs contend that the instant case is distinguishable from the rule in *Keith* because there is no evidence in the record that defendant signed a release barring her from further recovery against plaintiffs. Plaintiffs are mistaken in their contention. The major rationale cited by the *Keith* Court in its holding that a plaintiff may not recover from a defendant after pleading an agreement between an insurer and defendant is that a plaintiff "[may] not follow paths leading in opposite directions." *Id.* at 287, 136 S.E.2d at 668.

Plaintiffs further contend that this case is distinguishable because they withdrew their third defense before the time of hearing. In *Keith*, the trial court likewise declined to permit plaintiff to withdraw his reply which alleged that defendant's receipt of the money from his insurance company was in full settlement of all claims defendant had against him. *Keith* upheld this determination by its holding that plaintiff made an irrevocable choice when he elected to plead full settlement. Similarly, the plaintiffs in this case made an irrevocable decision when they included their third defense in their reply. Their later attempt to withdraw this defense was ineffectual.

The decision of the court below is,

Affirmed.

Judges JOHNSON and WALKER concur.